## KELLER et al. v. CITY OF CORPUS CHRISTI et al.
### No. 12444.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 10, 1952.

Rehearing Denied Jan. 7, 1953.

Robert Lee Bunting, Jr., David M. Coover, Carter & Nye, Corpus Christi, for appellants.

I. M. Singer, Hodge Thompson, McCampbell & McCampbell, Corpus Christi, for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal by Raymond Keller, Jr., and others from a summary judgment of the District Court of Nueces County, Texas. It involves the interpretation and application of Art. 1105b, Vernon's Ann.Civ. Stats., and particularly Sec. 9 thereof.

The city council of the City of Corpus Christi adopted an ordinance on December 4, 1951, after notice and hearing, providing for the pavement of certain portions of

Santa Fe Street in the City of Corpus Christi and fixing assessments against the abutting property. Raymond Keller and others, within the fifteen days provided for in the article, perfected an appeal by filing suit in the District Court of Nueces County.

A motion for summary judgment was made by the city and replied to by the abutting property owners. Summary judgment was rendered, as above stated, and this appeal is prosecuted by Raymond Keller and the other abutting property owners.

■ The main contention of appellants is that they were entitled to a trial de novo on the issue of benefits to be derived from the paving or repaving of Santa Fe Street to the abutting property. On the other hand, the city contends that the question of benefits was addressed to the discretion of the city council and could not be set aside except upon a showing of an abuse of discretion on the part of the city council.

In Sec. 9 of Art. 1105b, Vernon's Ann. Civ.Stats., are set forth the matters which can be considered at the hearing therein provided for as follows:

"* * * all owning any such abutting property, or any interest therein, and all owning any such railway, street railway, or interurban, or any interest therein, shall have the right, at such hearing, to be heard on any matter as to which hearing is a constitutional prerequisite to the validity of any assessment authorized by this Act, and to contest the amounts of the proposed assessments, the lien and liability thereof, *the special benefits to the abutting property and owners thereof* by means of the improvements for which assessments are to be levied, the accuracy, sufficiency, regularity and validity of the proceedings and contract in connection with such improvements and proposed assessments, and the governing body shall have power to correct any errors, inaccuracies, irregularities, and invalidities, and to supply any deficiencies, and to determine the amounts of assessments and all other matters necessary, and by ordinance to close such hearing and levy such assessments before, during or after the construction of such improvements, but no part of any assessment shall be made to mature prior to acceptance by the city of the improvements for which assessment is levied. [Underscoring ours.]"

In the next paragraph of this section are set out the matters which can be considered on appeal, in the following language:

"Anyone owning or claiming any property assessed, or any interest therein, or any railway, street railway, or interurban assessed, or any interest therein, who shall desire to contest any such assessment on account of the amount thereof, or any inaccuracy, irregularity, invalidity, or insufficiency of the proceedings or contract with reference thereto, or with reference to such improvements, or on account of any matter or thing *not in the discretion of the governing body*, shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment is levied; and anyone who shall fail to institute such suit within such time shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever. [Underscoring ours.]"

It is significant that "the special benefits to the abutting property and owners thereof" are mentioned in the matters to be considered by the council, but are not mentioned in the following paragraph which sets forth the matters from which such abutting property owners may appeal.

■ Section 9 provides for an appeal, but it does not necessarily provide for a

trial de novo on all matters. The question of determining benefits to abutting property and the assessment to be made, within the limitation that the assessment must not exceed the benefits, is a matter addressed to the discretion of the municipal body and· should not be disturbed on appeal unless fraud or arbitrary action is shown. Cox v. Thurber Brick Co., Tex.Civ.App., 86 S. W.2d 849; Hume v. City of Amarillo, 128 Tex. 424, 99 S.W.2d 887; McQuillan, Municipal Corporations, Vol. 14, par. 38.31, p. 117, also paragraph 38.37, p. 135; Sterling Nat. Bank & Trust Co. v. Charleston Transit Co., 126 W.Va. 42, 27 S.E.2d 256.

It was unquestionably the law that a finding by proper municipal authority as to benefits to abutting property could not be set aside except upon a showing of fraud or arbitrary conduct, before the passage of Art. 1105b, supra, and there is nothing in such act to indicate that by its passage the Legislature intended to change this well-recognized and salutary rule.

Appellants, in support of their contention that courts can determine issues as to enhancement of value, cite City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709. That case relates to construction of Article 1219, Vernon's Ann.Civ. Stats., which is a different statute from Art. 1105b, supra. There are other cases similar to City of Dallas v. Wright, supra, such as, City of Dallas v. Johnson, Tex. Civ.App., 54 S.W.2d 1024; City of Dallas v. Firestone Tire and Rubber Co., Tex. Civ.App., 66 S.W.2d 729; City of Dallas v. Firestone Tire and Rubber Co., Tex. they all relate to Art. 1219, supra, and are not persuasive here.

Appellants also cite the case of Foxworth-Galbraith Lumber Co. v. Realty Trust Co., Tex.Civ.App., 110 S.W.2d 1164, in support of their contention that they were entitled to a full and complete trial on the issue of benefits to the abutting property, but there is nothing in this case which conflicts with the construction we have placed upon Sec. 9 of Art. 1105b, supra. That case only holds that by failure to appeal in fifteen days the right of appeal was lost. The facts alleged in that case would probably have constituted arbitrary action on the part of the municipal body. The appellants in the case at bar stated no facts in their reply to the motion for summary judgment that would have shown arbitrary action.

We see no reason why the rule here should be any different from that applied where certiorari proceedings are taken to review the action of a board of adjustment of a city with reference to variations from zoning laws. In Montgomery v. City of Dallas, Tex.Civ.App., 245 S.W.2d 753, 754, the Court said:

"The Board of Adjustment of the City of Dallas, in denying the application of appellants for the permit here sought, was acting as a quasi judicial body. Washington v. City of Dallas, Tex.Civ.App., 159 S.W.2d 579, pt. 3 and authorities. Hence, we think its action should be presumed by the courts to be valid and correct and that, in order to have such action set aside, the burden rested upon appellants to show by competent evidence in court that the decision of the Board was arbitrary, capricious or an illegal exercise of power, as alleged by them. McQuillan on Municipal Corporations, 3rd Ed. Vol. 8, Secs. 25.327 and 25.328; Driskell v. Board of Adjustment, Tex. Civ.App., 195 S.W.2d 594, pts. 6–8, er. ref.n.r.e. and authorities."

The judgment of the trial court is affirmed.