CITY OF HOUSTON, Appellant,

v.

Roy BLACKBIRD et al., Appellees.

No. 4273.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1964.

Rehearing Denied Dec. 3, 1964.

John Wildenthal, Jr., City Atty., W. Lawrence Cook, Jr., Asst. City Atty., Houston, for appellant.

Presley E. Werlein, Jr., Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal by the City of Houston from a judgment voiding certain paving assessments levied by the City.

Plaintiffs Blackbird, et al., all property owners on the North side of Woodway Drive (between Broad Oaks and Sage Road) in the City of Houston, filed this case in the District Court of Harris County, as a statutory appeal from a paving assessment levied against their property by defendant City of Houston, under Article 1105b, Vernon's Ann.Tex.Civ.St. Such was filed within the 15 day time limit prescribed by the statute.

Plaintiffs alleged that the defendant City, by ordinance assessed their properties on the North side of Woodway Drive $6.00 per lineal front foot; and declared same to be in accordance with Article 1105b V.A.T.S.; that plaintiffs or their property will receive no special benefits from the paving construction contemplated in the ordinance; that their property would actually be decreased in value; that the

City Council arbitrarily determined plaintiffs would receive special benefits because their property abutted on the North side of Woodway Drive, and that the property abutting on the South side of such street would receive no benefits whatsoever; that the City Council was arbitrary in its action in allowing property owners abutting on the South side of the street to make separate covenants with the City, agreeing that they would not use the street as an access to their property, but said City refused to allow plaintiffs the same privilege; that the City Council was unreasonable, discriminatory and capricious in assessing plaintiffs' property, but made no assessment against the property abutting on the South side of Woodway Drive; and that the City Council failed to take into consideration the fact that plaintiffs' land is not the same shape and depth, and does not contain the same number of square feet, resulting in the assessment being inequitable between plaintiffs themselves.

Trial was to a jury which, in answer to issues submitted as to each of plaintiffs, found:

1) The work contemplated by the paving ordinance did not result in special benefits to plaintiffs;

2) The action of the City Council in passing the ordinance levying the assessment against plaintiffs' property was arbitrary and capricious.

The Trial Court entered judgment on the verdict voiding the paving assessment levied by defendant City on plaintiffs.

Defendant City appeals, contending:

1) The Trial Court erred in trying *de novo* the question of benefits to plaintiffs' property.

2) There was no evidence, or insufficient evidence, to support the submission or finding that the City of Houston's action in passing the assessment ordinance was arbitrary or capricious.

3) The Trial Court erred in overruling defendant City's motions for instructed verdict, and for judgment non obstante veredicto.

Article 1105b provides that cities may make street improvements, and under certain conditions by ordinance assess the abutting property owners for a part of the cost thereof. Section 7 provides that assessments shall be apportioned under the front foot plan "in such proportion as it may deem just and equitable, having in view the special benefits in enhanced value to be received by such parcels of property and owners thereof, the equities of such owners, and the adjustment of such apportionment so as to produce a substantial equality of benefits received and burdens imposed." Section 9 provides, among other things, "[N]o assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof"; and further that within 15 days from the levy of such assessment anyone owning any property assessed, "who shall desire to contest any assessment on account of the amount thereof, or any inaccuracy, irregularity, invalidity, or insufficiency of the proceedings or contract with reference thereto", shall have the right to appeal therefrom by instituting suit in any court having jurisdiction.

The Houston City Council conducted a hearing and determined that plaintiffs' property was benefited $6. per front foot.

Defendant City contends that the trial on appeal is limited to a determination whether there was substantial evidence introduced at the hearing before the City Council on the question of benefits and amount of assessment, and that there can be no trial de novo on appeal as to such issues, and cite Keller v. City of Corpus Christi, Tex.Civ.App. (n.r.e.) 253 S.W.2d 1009.

■ As noted, Article 1105b, V.A.T.S. provides for an appeal of the assessment as to the amount thereof. Whether the substantial evidence rule applies to such situation depends on whether the hearing before the City Council was in the nature of a legislative function, or in the nature of a judicial or quasi-judicial function. The determination of the existence and amount of benefits (and assessment based thereon), we think is a judicial or quasi-judicial function. Key Western Life Ins. Co. v. State Board of Ins., 163 Tex. 11, 350 S.W.2d 839; Chemical Bank & Trust Co. v. Falkner, Sup.Ct., 369 S.W.2d 427. The foregoing cases lay down the test for determining whether a function of an administrative agency is judicial or legislative, and say that "judicial action is 'particular and immediate, rather than, as in the case of legislative or rule making action, general and future in effect.'"

Under such cases, test, and statute the plaintiffs were entitled to a trial de novo under the preponderance of the evidence rule, on the question of benefits.

In any event, Keller v. City of Corpus Christi, Tex.Civ.App. n.r.e., 253 S.W.2d 1009 and Duffard v. City of Corpus Christi, Tex.Civ.App., n.w.h., 332 S.W.2d 447, which hold that the substantial evidence rule applies to appeals under Art. 1105b, V.A.T.S., further hold that if the action of the City Council is based on fraud or is arbitrary, then such action is subject to review on appeal.

In the instant case, plaintiffs alleged and proved that the City Council was guilty of arbitrary action in determining that the property owners abutting on the North side of the street would be benefited $6. per foot, whereas those abutting on the South side received no benefits; that the property owners on the North side were assessed $6. per front foot, and the property owners on the South side were assessed nothing; that the City permitted the property owners on the South side to agree that they would not use the street for access to their property, but refused to permit the property owners on the North side to make such agreement; that the City Council failed to take into consideration the different shape and depths or number of square feet in plaintiffs' land, thus making the uniform $6. per front foot assessment inequitable between the plaintiffs. The record further reflects that all of the evidence before the City Council was to the effect that the improvement would not benefit plaintiffs' property, but would depreciate its value, except the testimony of the witness Pounds. He offered no reason why the property would be benefited except "under the established policy of the City Council these lots would be entitled to the residential rate of $8.00 "per front foot."

Foxworth-Galbraith Lbr. Co. v. Realty Trust Co., Tex.Civ.App., W/E denied, 110 S.W.2d 1164 sustains the arbitrariness of assessing the properties on the same front foot basis, regardless of size, shape and square footage involved.

■ We think the jury's finding of arbitrary and capricious action on the part of the City Council in levying the assessment, is supported by ample evidence. Under this view, the issue inquiring of the jury as to special benefits is necessary, for without such finding, plaintiffs could show no damage as a result of the defendant City's arbitrary and capricious action. We think the issue proper, and the finding supported by ample evidence.

Defendant City's contentions are overruled, and the judgment of the Trial Court affirmed.