## B. F. WEATHERBY v. A. N. TOWNES.

NON-JOINDER—PRACTICE.—A plaintiff in a suit upon a note, and to enforce a mortgage, which suit is defective for non-joinder of others interested in the mortgage, has the right to abandon his suit to foreclose the mortgage, after exceptions thereto, and to proceed to judgment upon the note.

APPEAL from Red River. ·Tried below before the Hon. J. C. Easton.

B. F. Weatherby brought suit to January term, 1874, against N. W. Townes, upon a promissory note for four hundred dollars specie, bearing date June 14th, and due six months thereafter; also to foreclose a mortgage bearing date 22d January, 1868, executed by Townes upon certain lands to Theophilus Hardison, John Harris, B. F. Weatherby, (plaintiff,) and A. N. Wright, stipulating an extension of time for twelve months, and the debts of said grantees to be paid in the order mentioned in the mortgage. The other mortgagees were not made parties.

The defendant excepted to the petition for the non-joinder of Hardison, Harris, and Wright.

The court sustained the demurrer and exceptions, whereupon plaintiff asked that the case proceed to trial upon the note, abandoning all claim for foreclosure of the mortgage, which was refused.

Judgment was rendered dismissing the suit. The refusal to permit the case go to trial upon the note and dismissing the suit are assigned as error.

*Clark & Todd*, for appellant.

No brief for appellee.

REEVES, ASSOCIATE JUSTICE.—There are two transcripts in this case, one being demanded by appellant's attorneys, as shown by the clerk's indorsement, and the other without indorsement, or showing at whose instance it was filed in this court. The two cases were consolidated on motion and application of appellant's attorneys.

The suit was brought by appellant on a promissory note for four hundred dollars, executed by appellee, Townes, on June 14, 1866, and due in six months. The payment of this note, with other notes executed by Townes, payable to Hardison, and Harris, and Wright, was secured by mortgage given by Townes on certain property described in the mortgage. Appellant, in his petition, prays for judgment on the note and foreclosure of the mortgage, and for a decree to sell a sufficient amount of the mortgaged property to pay appellant's debt. The other mortgagees, Hardison, Harris, and Wright, not being made parties to the suit, the defendant, Townes, excepted to the petition for the non-joinder of these parties, which was sustained by the court. The bill of exceptions filed on the same day states that plaintiff asked leave of the court to proceed to judgment on his note without foreclosing the mortgage, which was refused by the court, and the suit was abated and the petition dismissed on plaintiff's declining to amend. This action of the court is assigned for error, and the only

question in the case is, Did appellant have the right to abandon his security, as set up in his suit, and obtain judgment on the note? The time extending the payment of the note having expired, there is nothing in the mortgage to prevent the plaintiff from prosecuting his suit on the note into a judgment. After accepting the provisions of the mortgage, he could not disregard the terms of payment and enforce satisfaction of his debt out of the mortgage property, contrary to the order of payment, as provided in the mortgage, but still no sufficient reason is seen why he should not have judgment on the note without the security as requested.

The judgment of the District Court is reversed and case remanded.

REVERSED AND REMANDED.