**STATE of Texas ex rel. C. A. TOWNSEND et al., Appellants,**

**v.**

**CITY OF MISSION et al., Appellees.**

No. 13515.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 28, 1959.

Rehearing Denied Nov. 25, 1959.

Robert L. Lattimore, Edinburg, Stafford, Atlas & Spillman, Carl H. Judin, Jr., McAllen, for appellants.

Rankin & Martinez, Edinburg, for appellees.

BARROW, Justice.

This is a quo warranto proceeding by the State of Texas upon the relation of certain individuals, to declare invalid an ordinance passed by the City Commission of the City of Mission, annexing certain territory to that City. The trial was to the court and judgment rendered declaring said ordinance valid.

The City of Mission is a Home Rule City under the Home Rule Amendment to the Constitution of the State of Texas, art. 11, § 5, Vernon's Ann.St. The Charter of the City of Mission provides for the annexation of territory to the City by two methods, one of which is not material here. The City proceeded to pass the annexation ordinance by the method provided in Article 1, Section 6 of the Charter. Said section sets out the requirements precedent to the adoption of such ordinance, which may be summarized as follows:

1. The City Commission must hold a public hearing.

2. Notice of this hearing must be published in a newspaper at least once, at least ten days prior to the hearing.

3. The notice must set forth the territory sought to be brought within the city limits.

4. At said hearing the inhabitants or owners of such territory may give testimony in person or through counsel for or against the annexation of said territory, in addition to the presentation of evidence for or against the same on the part of the then existing city.

5. The City Commission shall find from the evidence submitted, that,

(a) The property to be annexed is adjacent to the city limits;

(b) that the inclusion of such territory would be a benefit to the owners of said property to be annexed; and

(c) would likewise be a benefit to the City of Mission.

6. The findings made by the City Commission would be final and conclusive and sufficient legal basis for the enactment of an annexation ordinance.

Appellants admit that all the prerequisites to a valid ordinance legally annexing the territory were complied with, except item 5(c). Appellants contend that there was no evidence at the hearing before the City Commission to authorize a finding by it that the annexation of the territory described in the ordinance would be a benefit to the then existing City of Mission, and that the trial court erred in its finding that the City Commission's finding was supported by the evidence before it.

■ It was the province of the City Commission to determine the facts proved before it at the hearing and to draw all the inferences deducible therefrom. If the findings made by the City Commission are supported by evidence of probative force, that finding is binding on the court. This Court can go no further than to determine if there was evidence before the City Commission to support such findings. State ex rel. Wilkinson v. Self, Tex.Civ.App., 191 S.W.2d 756.

At the hearing before the City Commission, an official court reporter was engaged to transcribe the proceedings. His transcript of the proceedings was introduced in evidence and was before the trial court. It is also in the record before this Court.

■ It appears from the transcript that a large number of persons attended the meeting; that the proceedings were quite informal, about which no complaint is made, and many of those persons freely expressed their views. At the outset, it was admitted and declared that should the proposed territory be annexed the City's revenues from taxation would be increased. The discussion centered on the question of whether the increased revenues to the City would or would not be offset by the additional municipal services which would become necessary to serve the additional territory. The City's need or lack of need for additional territory for growth and expansion was also discussed. There was evidence to the effect that there was such need, but the bone of contention in that respect seems to have been in what direction the boundary should be expanded.

Thus it is evident from the record that there were facts before the City Commis-

sion from which the ultimate conclusion was to be drawn. The City Commission, whose province it was to do so, having found that the annexation would benefit the City, it is manifest that the finding was supported by evidence.

The judgment is affirmed.