Walter F. DUFFARD et al., Appellants,

v.

CITY OF CORPUS CHRISTI, Appellee.

No. 13561.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1960.

448

William H. Bloch, Corpus Christi, for appellants.

I. M. Singer, City Atty., J. F. Park, Assts. City Atty., Milton W. Walton, Corpus Christi, for appellee.

BARROW, Justice.

This was an appeal to the District Court by appellant Walter F. Duffard and other property owners along Alameda Street in the City of Corpus Christi, pursuant to Article 1105b, Sec. 9, Vernon's Ann.Tex. Civ.Stats., praying that the assessments fixed by Ordinance No. 5305 of the City of Corpus Christi be voided and cancelled, and that a new public hearing, pursuant to Article 1105b, be held by the City Council of said city. Appellee, City of Corpus Christi, answered by a general denial and special pleas, and filed a motion for summary judgment supported by various items of documentary evidence and an affidavit. Appellants filed an answer to said motion for summary judgment and a counter-motion for summary judgment, supported by an affidavit. Upon a hearing of said motions for summary judgment, the trial court denied appellants' motion and

granted appellee's motion and rendered judgment accordingly.

Appellants' principal contention is that the trial court erred in granting appellee's motion for summary judgment, for the reason that the respective motions and affidavits of the parties raised genuine issues of fact for determination by the court or jury. Appellants do not question the regularity or sufficiency of any of the proceedings had under the provisions of Article 1105b, supra, up to the public hearing before the City Council.

Appellee, City of Corpus Christi, supported its motion which was duly authenticated by affidavit of the City Secretary, setting forth the details of the procedure up to and including the public hearing. The motion was further supported by a certified transcript of the proceedings, statements and testimony in the public hearing held on February 11, 1959, in connection with the making of assessments against abutting property along the street proposed to be paved. The transcript shows that the roll of all property owners affected by the proposed assessment was called, and each was given an opportunity to ask questions, make statements and comments, and voice their objections. It also shows that certain adjustments were made by the City Council in certain cases in which the Council determined that there were inequities in the assessments.

 Appellants' motion and reply to appellee's motion, together with the affidavit of Walter F. Duffard in support thereof, consist of conclusions of law, and ultimate conclusions not based on material facts concerning which the witness could properly testify upon a trial, and which would raise any genuine issue of fact necessary to a determination of the case, with the one exception that it is contended, as a matter of law, the front foot rule or plan is inapplicable, because appellants' residential properties do not front on Alameda Street, but side thereon. This exception will be later discussed. The affidavit of

Walter F. Duffard adopts and makes a part thereof all the allegations of appellants' petition as well as their motion for summary judgment. We are of the opinion that an affidavit which simply adopts the pleadings in the case is insufficient either in support of or in opposition to a motion for summary judgment. Rule 166–A, Subd. (e), Texas Rules of Civil Procedure; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832. To permit such practice would in our opinion destroy the Rule. Subdivision (e) of the Rule provides:

"Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

A mere restatement of the allegations of the pleadings is insufficient. Bliss v. City of Fort Worth, Tex.Civ.App., 288 S.W.2d 558. So are general statements in the nature of legal conclusions. Hutchinson v. City of Dallas, Tex.Civ.App., 290 S.W.2d 253. The affidavit must be made on personal knowledge and set forth facts which are admissible in evidence, and must affirmatively show "that affiant is competent to testify to the matters stated therein." Edwards v. Williams, Tex.Civ.App., 291 S.W.2d 783, 786. Certainly, appellant Duffard's statement that he verily believes that evidence can be offered upon the trial to establish certain conclusions is not sufficient where no facts are stated which would justify such conclusions. Applying the rule in this case, the conclusion is inescapable that appellants' answer and affidavit are insufficient to raise a genuine is-

sue of fact upon any matter material to a decision of the case.

■ Appellants attack the proceedings before the City Council on account of alleged irregularities therein, because the witnesses were not sworn, because the Council permitted leading questions, because witnesses gave testimony based upon conclusions and hearsay, and because the expert witnesses who testified as to the enhancement of the value of property abutting on the improved street were not in fact experts. These contentions must be overruled. The rules as to the examination of witnesses are relaxed in administrative proceedings, and where the statute does not require that sworn testimony be taken, a failure to swear the witnesses does not invalidate the proceedings. 73 C.J.S. Public Administrative Bodies and Procedure § 127, p. 450; State ex rel. Townsend v. City of Mission, Tex.Civ.App., 329 S.W.2d 98.

■ Appellants contend that inasmuch as the city applied the front foot rule in making assessments against abutting property, said assessments are improper and unlawful as against appellants' properties, because their properties do not front but have one side on Alameda Street. While appellants' pleadings, motion for summary judgment and affidavit are not clear, we gather from their briefs in this court that their properties are corner lots and their contention is that the lots front on the cross street and side on Alameda Street. We overrule this contention. The statute requires the City Council to make the assessment and apportion the cost of the improvements among the properties abutting on said street and the owners thereof in accordance with the front foot rule, unless, in the opinion of the City Council, such apportionment would result in injustice or inequality. We note that appellants nowhere state under oath that the Council failed to determine that the front foot rule would or would not result in injustice or inequality, nor does the motion for summary judgment or affidavit charge that such application results in any injustice or inequality to them. The only charge is, that if given an opportunity they could make such showing on a trial. We also note that the record shows that the Council did make adjustments in cases of rectangular lots where the long sides abutted on Alameda Street. The only adjustments made were those in accordance with the depth of the lot in proportion to the front on Alameda Street.

No authority has been submitted holding that it is improper or illegal to apportion the cost of street improvements against corner lots on the front foot rule. However, we think the statute, Art. 1105b, supra, makes it clearly the duty of the Council to follow the front foot rule, unless it is unjust and inequitable to do so. The case of Foxworth-Galbraith Lumber Co. v. Realty Trust Co., Tex.Civ.App., 110 S.W.2d 1164, lays down the rule that corner lots may be assessed according to the rule so long as the assessments are based on the benefits, and so long as it is just and equitable.

We think the summary judgment is proper and must be affirmed for another reason. Appellants, in reply to appellee's motion for summary judgment, have stated no facts which would show that the City Council acted fraudulently or arbitrarily. Keller v. City of Corpus Christi, Tex.Civ.App., 253 S.W.2d 1009. Moreover, the record shows that the action of the City Council is based upon substantial evidence.

The judgment is affirmed.

POPE, J., not participating.