John C. POLLOCK et al., Plaintiffs-Appellees,

v.

GENERAL FINANCE CORPORATION, Defendant-Appellant.

No. 75–2017.

United States Court of Appeals, Fifth Circuit.

May 27, 1977.

* Senior District Judge of the Southern District of Florida sitting by designation.

Lewis N. Jones, J. Norwood Jones, Jr., Atlanta, Ga., Kenneth J. Berke, Stahl & Berke, New Orleans, La., Milton W. Schober, Washington, D. C., for defendant-appellant.

John D. Hawke, Jr., Gen. Counsel, Glenn E. Loney, Atty., Washington, D. C., for Board of Governors of the Fed. Reserve System, amicus curiae.

Thomas R. Blum, New Orleans, La., for Industrial Finance & Thrift Corp., amicus curiae.

G. W. Florence, Jr., Atlanta, Ga., for plaintiffs-appellees.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GODBOLD and TJOFLAT, Circuit Judges.*

* Former Circuit Judge McCree, a member of the original panel, did not participate in this decision.

1. "(a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

"(1) The amount of credit of which the obligor will have the actual use, or which is

**PER CURIAM:**

In our earlier opinion herein, 535 F.2d 295 (5 Cir. 1976), we affirmed a judgment imposing the minimum statutory penalty of $100.00, together with attorneys' fees, on appellant General Finance Corporation, for three violations of the Truth-in-Lending Act and Regulation Z thereunder, occurring in connection with a loan transaction consummated September 12, 1973. Appellant and amici, including the Federal Reserve Board, now raise a number of issues relating to our decision which deserve an answer but do not, in our opinion, require either reargument or reversal of the judgment below.

■ Addressing our conclusion that it is a violation of 15 U.S.C. § 1639(a) for a creditor to fail to make a labeled disclosure of the amount of loan proceeds of which the debtor will have actual use, appellant argues, with the help of the Federal Reserve Board, that the Board does not require such disclosure. We held previously that, although Regulation Z § 226.8(d)(1) as promulgated might appear to support appellant's position, it must be read in the light of § 1639(a),[1] which does include this requirement. The Board contends that it possesses, and has exercised, power to eliminate this particular disclosure requirement, either by virtue of its authority under § 1604 of the Act or in order to resolve a contradiction in the statutory language.

The Board finds a contradiction in § 1639(a) in the fact that subsection (3) thereof requires the disclosure of the sum of the amounts described in (1) and (2). It argues that some of the "charges" required to be disclosed by (2), such as insurance premiums, as here, "could be construed" to

or will be paid to him or for his account or to another person on his behalf.

"(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.

"(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2))."

15 U.S.C. § 1639(a)(1), (2) and (3).

be amounts paid "to another person on [the debtor's] behalf" and thus fall within (1). This argument discovers a contradiction where none is necessarily present. In view of the fact that (3) is stated to be the sum of (1) and (2), it is more reasonable to construe the disputed language of (1) to refer to consolidation loan payments and the like rather than to incidental charges such as credit insurance, which are covered by (2). Such a construction gives effect to the entire section without the excision of any statutory disclosure requirement.

Under § 1604, the Board's power to make "adjustments and exceptions for any class of transactions" is limited to efforts "to effectuate the purposes of [the Act], to prevent circumvention or evasion thereof, or to facilitate compliance therewith." The Board's regulation, sought to be justified by a statutory contradiction that appears to us not to exist, cannot be justified under § 1604. Therefore, we reaffirm our holding that the Act requires that a creditor make a labeled disclosure of actual loan proceeds in accordance with § 1639(a).

Appellant and amici also contend that General Finance Corporation has a good defense under § 1640(f) of the Act, in that it relied in good faith on a Staff Opinion letter issued by an employee of the Board on September 13, 1973,[2] and on the perhaps more natural reading of § 226.8(d)(1). On February 27, 1976, Congress enacted Public Law No. 94–222, § 3(d)[3] of which appears to extend the § 1640(f) defense to cover Staff Opinion letters. This enactment occurred several months after briefs were due on this appeal, so we do not find that appellant's assertion of the defense on petition for rehearing was untimely, although we agree with amicus Legal Aid Society of Atlanta that the defense should ordinarily

be pleaded specially and proved. We find it reasonable to assume, moreover, that this extended defense is available in any case wherein review is still available, "whether by appeal or otherwise." Section 408(e) of P.L. 93–495 (Oct. 28, 1974), 1974 U.S.Code Cong. & Ad.News, p. 6119. It is not necessary, however, that we decide this issue, which might require a remand to the finder of fact, because we conclude *infra* that the penalty imposed in this case was justified by other violations.[4]

Addressing our previous holding that a statement that a security agreement "may" cover after-acquired property does not, without more, fulfill the requirement of § 226.8(b)(5) of Regulation Z, appellant argues that such a statement is sufficient under the interpretation given to the regulation by two very recent Staff Opinion letters. Since neither of these letters antedates the loan agreement in this case, appellant has no colorable reliance defense.

██ We are mindful that Staff Opinion letters are entitled to weight when the construction of the Board's regulations is at issue. *Philbeck v. Timmers Chevrolet, Inc.,* 499 F.2d 971 (5th Cir. 1974). The force with which these least authoritative pronouncements are allowed to press on the judicial scales, however, must vary with the circumstances of each case.[5] *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1943). *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). In the present case we are offered two Staff Opinion letters which, far from being contemporaneous with the adoption of § 226.8(b)(5), were in fact procured after the decision of the trial court herein. Furthermore, the views expressed in these letters appear to conflict with the view of the disclosure requirement as to after-acquired

---

2. This letter is the only concrete evidence predating the subject loan transaction presented by General Finance Corporation in aid of its reliance defense.

3. See 1976 U.S.Code Cong. & Ad.News, 90 Stat. 198.

4. The Truth-in-Lending Act does not provide multiple recoveries for multiple violations in

one transaction. See 1968 U.S.Code Cong. & Ad.News p. 1976.

5. We note that the Board pronouncement to which the *Philbeck* court referred for the authority of Staff Opinion letters appears to have been concerned primarily not with construction but with reliance, a matter now dealt with by § 1640(f). 499 F.2d at 979, note 17.

property that is manifest in the prior Staff Opinion letter of August 22, 1974. CCH Consumer Credit Service ¶ 31151. Section 226.8(b)(5) itself uses the word "will" rather than "may," and there is substantial judicial authority for the view that the limitation of Uniform Commercial Code § 9–204(2)(b) must be disclosed. *Woods v. Beneficial Finance Co. of Eugene,* 395 F.Supp. 9 (D.Or.1975). *Johnson v. Associates Finance,* 369 F.Supp. 1121 (S.D.Ill.1974). Under these circumstances we decline to give controlling weight to the Staff Opinion letters of December 30, 1975, and May 28, 1976, and we affirm our earlier holding as to disclosure of the extent of a security interest in after-acquired property.

We find no merit in appellant's attack on our earlier ruling as it relates to disclosure of a security interest in future indebtedness. However, we correct an error in our previous opinion. We stated therein that the words "such property" in the last sentence of § 226.8(b)(5) of Regulation Z refer to after-acquired property. Closer consideration convinces us, despite the awkward drafting of this sentence, that the proper referent is "property to which the security interest relates," as these words appear in the first sentence of (b)(5).

Except to the extent of this opinion, the petition for rehearing is DENIED and the affirmance of the judgment below remains in effect. No member of this panel or judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.