Roque GARZA and Alicia Garza,
Appellants,

v.

ALLIED FINANCE COMPANY,
Appellee.

No. 1251.

Court of Civil Appeals of Texas,
Corpus Christi.

April 20, 1978.

Rehearing Denied May 10, 1978.

Clyde Farrell, Texas Rural Legal Aid, Inc., Brownsville, for appellants.

Carlos I. Miro, Dallas, H. H. Rankin, Jr., William E. Corcoran, Rankin & Kern, Inc., McAllen, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment rendered in the County Court at Law of Cameron County which sustained plaintiff Allied Finance Company's motion for summary judgment and denied defendants Roque and Alicia Garza's cross motion for partial summary judgment. Defendants have perfected their appeal to this Court.

Plaintiff, Allied Finance Company, filed suit against Roque and Alicia Garza seeking to recover $936.60, the balance due on a

promissory note executed by the defendants and payable to plaintiff in installments. The plaintiff alleged that the defendants had executed the note in the original amount of $1,937.60 on June 12, 1973, and that the defendants defaulted on the note on August 27, 1974, after making payments totaling $1,001.00. Plaintiff prayed for a joint and several judgment against defendants for the sum of $936.60 plus interest from the date of judgment and reasonable attorney's fees. A copy of the note and a copy of the security agreement which granted a security interest in certain described personal property were attached to plaintiff's sworn petition.

The defendants alleged two "affirmative defense(s) of set off", one under the Federal Truth-in-Lending Act, and the other under the Texas Consumer Credit Act. In accordance with the alleged enumerated violations, the defendants prayed for a judgment awarding them a set off under each Act in the amount of $682.34 for the alleged violations, plus costs and reasonable attorney's fees.

Plaintiff's motion for summary judgment stated that there was no genuine issue of fact to be decided. The motion was supported by an affidavit of its manager swearing to the truth of all the facts alleged in plaintiff's original petition as well as to the exhibits attached which were a copy of the promissory note, "Federal Disclosure Statement", and the security agreement, all of which were the basis of plaintiff's suit.

At the hearing on plaintiff's motion the trial court had before it the pleadings of both plaintiff and defendants; plaintiff's motion, affidavit and exhibits; and defendants' reply in opposition and supporting affidavit. Defendants' reply in opposition to plaintiff's motion asserted that plaintiff had failed to meet its burden to prove that defendants owed plaintiff $936.60. The attached affidavit stated as follows:

"Comes now Roque Garza and Alicia Garza, being duly sworn upon their oath, deposes (sic) and states (sic):

1. They are the defendants in the above entitled and numbered cause.

2. That of their personal knowledge they have never possessed a green vinyl couch, two large chairs covered with gold fabric or a three piece oak bedroom suite as itemized in plaintiff's exhibit A.

3. That they have made payments to plaintiff since August 27, 1974 on the promissory note subject to this cause.

4. They do not owe $930.70 (sic) to Plaintiff Allied Finance Company.

/s/ Roque Garza".

The record indicates that at the hearing on plaintiff's motion the trial court took the case under advisement and granted defendants' request to file a cross motion for partial summary judgment. This cross motion for partial summary judgment was based on the alleged violation of the Truth-in-Lending Act contained in defendants' amended original answer. The motion stated that the summary judgment should be granted as a matter of law based on disclosure violations evidenced in plaintiff's Federal Disclosure Statement. The defendants filed an affidavit in support of their motion.

On April 11, 1977, the trial court denied defendants' motion, granted plaintiff's motion, and entered a final judgment awarding plaintiff $936.60 plus interest and costs and foreclosing plaintiff's security lien. Defendants bring forward on appeal points of error complaining of the trial court's action in granting plaintiff's motion for summary judgment, in entering a judgment of judicial foreclosure, and in failing to grant defendants' cross motion for partial summary judgment.

In passing upon the points raised on this appeal, we are guided by the familiar rules concerning summary judgments established by our Supreme Court. Rule 166–A, Texas Rules of Civil Procedure provides that summary judgments shall be rendered where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a material fact issue are

resolved against him. *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex.Sup.1965). It is our duty to determine if there are any genuine issues of a material fact to be tried, and not to weigh the evidence or determine its credibility and thus try the case on the affidavits. *Parrott v. Garcia,* 436 S.W.2d 897 (Tex.Sup.1969); *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557 (1962); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). Affidavits supporting or opposing the motion must set forth such facts as would be admissible in evidence. They must be factual; conclusions of affiant are not considered to have any probative value. *Hidalgo v. Surety Savings and Loan Association,* 487 S.W.2d 702 (Tex.Sup.1972); *Crain v. Davis,* 417 S.W.2d 53 (Tex.Sup.1967); *Travis County Water Control & Improvement District No. 12 v. McMillen,* 414 S.W.2d 450 (Tex.Sup. 1966); *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317 (1961).

Defendants first complain that the trial court erred in granting plaintiff's motion for summary judgment because plaintiff had not carried the burden of proving that there was no genuine issue of any material fact because defendants, by affidavit, raised an issue of whether the amount of the debt claimed by plaintiff was correct. Plaintiff argue, on the other hand, that defendants' statements contained in the affidavit are mere conclusions which are insufficient to create a factual issue and that defendants' affidavit is fatally defective because it was not properly sworn to on personal knowledge.

■ The general rule is that when a motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish a fact, which if proven at trial would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as

to a material fact, or must justify his inability to do so and seek appropriate relief under subdivision (f) of Rule 166–A.[1] *Gulf, Colorado & Santa Fe Ry. Co. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 500 (1958); *Fail v. Lee,* 535 S.W.2d 203, 207 (Tex.Civ. App.—Fort Worth 1976, no writ); *Enterprises and Contracting Co. v. Plicoflex Inc.,* 529 S.W.2d 805 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

■ The following statement contained in defendants' answer in opposition to plaintiff's motion for summary judgment in effect admits that defendants did not have any factual basis upon which to support the conclusion stated in their affidavit, but it raises the applicability of subdivision (f) of Rule 166–A.

"Defendants, *not having accurate records in their possession to swear of their personal knowledge to specific facts* that would controvert Plaintiff's factually unsubstantiated allegation that $936.70 Dollars is due and owing having filed a motion for continuance in this action in order to do further discovery by interrogatories and deposition to substantiate their good faith belief they do not owe the specific amount sought by plaintiff." (Emphasis added).

Defendants' statements suggest that a motion for continuance as authorized by Rule 166–A(f) had been filed in this case. The record on appeal, however, does not contain any such motion nor any court order issued pursuant thereto. Defendants did not avail themselves of the means and opportunity provided under subdivision 166–A(f) to develop sufficient facts to properly controvert plaintiff's motion if defendants in good faith believed they had made additional payments. Speculation, opinions or an expression of belief that at trial evidence can be offered to create an issue is insufficient to prevent the entry of a summary judgment. *Whittenburg v. Cessna Finance*

[1.] Rule 166–A(f) provides as follows: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

*Corp.*, 536 S.W.2d 444 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n. r. e.); *Duffard v. Corpus Christi*, 332 S.W.2d 447 (Tex.Civ.App.—San Antonio 1960, no writ). One of the purposes of Rule 166-A is to eliminate "patently unmeritorious claims or untenable defenses." *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.Sup.1972); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The defendants failed to seek the relief available under Rule 166–A(f).

▮▮▮ Payment is an affirmative defense in the nature of a plea and avoidance, and payments not admitted in plaintiff's petition must be specially pled by defendants. *Southwestern Fire & Casualty Co. v. Larue*, 367 S.W.2d 162 (Tex.Sup.1963); *Commercial Inv. Trust v. Smart*, 123 Tex. 180, 69 S.W.2d 35 (1934); Rules 94, 95 Texas Rules of Civil Procedure. Here defendants did not plead payment in any form. The absence of a sworn pleading is not necessarily fatal in summary judgment proceedings, however, if the proof filed in reply to the motion for summary judgment establishes facts, which if true, would constitute a defense. *Womack v. Allstate Insurance Co.*, 156 Tex. 467, 296 S.W.2d 233 (1956); *Alonzo v. Northern County Mutual Insurance Co.*, 561 S.W.2d 53 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Smith v. Crockett Production Credit Association*, 372 S.W.2d 956 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). The statements regarding payment made in defendants' affidavit in opposition to plaintiff's motion for summary judgment are mere conclusions. They have no probative force and are insufficient to raise a factual issue even if the affidavit had been properly sworn to by defendants on their personal knowledge. *Zock v. Bank of Southwest National Association, Houston*, 464 S.W.2d 375, 377 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ); *Holleman v. Halliburton Co.*, 450 S.W.2d 883, 887 (Tex. Civ.App.—Fort Worth 1970, no writ); *Smith v. Crockett Production Credit Association*, 372 S.W.2d 956, 959 (Tex.Civ.App.— Houston 1963, writ ref'd n. r. e.); accord, *Harrison v. Leasing Associates, Inc.*, 454 S.W.2d 808 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); *S.K.Y. Investment*

*Corp. v. H. E. Butt Grocery Co.*, 440 S.W.2d 885 (Tex.Civ.App.—Corpus Christi 1969, no writ); *Schindler v. Thomas*, 434 S.W.2d 187 (Tex.Civ.App.—Corpus Christi 1968, no writ). See also *Hidalgo v. Surety Savings & Loan Association*, supra at 703; *Crane v. Davis*, supra. We hold that plaintiff's pleadings, motion for summary judgment and summary judgment evidence (the manager's affidavit and copy of the note and security agreement) present evidence establishing a prima facie case in a suit on a promissory note which supports the trial court's summary judgment in favor of the plaintiff. Defendants' point of error is overruled.

In point of error ten, defendants complain that the trial court erred in ordering the foreclosure of plaintiff's security interest because plaintiff did not specifically plead or pray for such foreclosure and therefore, the trial court's judgment did not conform to the pleadings pursuant to Rule 301 of the Texas Rules of Civil Procedure. Plaintiff contends that his combination prayer requesting special as well as general relief was sufficient to authorize the trial court to enter a judgment decreeing judicial foreclosure of the security interest.

The scope of remedies available to a secured party are largely governed by the terms of the security agreement. The security agreement contains two provisions relevant to plaintiff's remedies in this instance. The first provision expressly reserved to the holder (plaintiff) the right to elect to enforce the defendants' obligation on the underlying debt without prior resort to the property securing the debt. The second provision reserves to plaintiff all of the remedies available to a secured party under the Uniform Commercial Code (U.C. C.), Tex.Bus. & Comm.Code Ann. § 9.501 et seq. (1968), including non-judicial foreclosure of the security interest. In addition to creditor remedies governed by U.C.C. provisions, the U.C.C. permits a secured party upon default, "[to] reduce his claim to judgment, foreclosure, or otherwise enforce the security interest by any available judicial procedure". Tex.Bus. & Comm.Code Ann. § 9.501(a).

The holder of a secured note is not required to exhaust his remedies against the security before enforcing the debt against the original maker, but he may proceed to judgment against the maker without reference to such security whether the security is in the form of a pledge of collateral or a mortgage on real or personal property. *Maupin v. Chaney*, 139 Tex. 426, 163 S.W.2d 380 (1942); *Weatherby v. Townes*, 42 Tex. 83 (Tex.Sup.1875); *Melcer v. Warren*, 550 S.W.2d 760 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.); *Wallace v. Briers*, 405 S.W.2d 95 (Tex.Civ.App.—Eastland 1966, no writ); *Loughney v. Texas City National Bank*, 252 S.W.2d 954 (Tex.Civ.App.—Galveston 1952, no writ); *Harper v. First State Bank*, 3 S.W.2d 552 (Tex.Civ.App.—Waco 1928, error ref'd); *Borschow v. Stephenson*, 166 S.W. 121 (Tex.Civ.App.—Austin 1914, no writ). In Texas, if a personal judgment against the debtor is obtained on the underlying debt, then the secured party may enforce that judgment against the collateral by a writ of execution. See Rules 621, et seq., Texas Rules of Civil Procedure. A judicial sale pursuant to such execution is a foreclosure of the security interest by judicial procedure within the meaning of Section 9.501. Tex.Bus. & Comm.Code Ann. § 9.501(e). See Rules 649, 650, Texas Rules of Civil Procedure. The U.C.C. explicitly makes the lien obtained through levy of execution relate back to the date of the perfection of the security interest and also provides that a judicial sale, pursuant to such execution, is a foreclosure of the security interest by judicial procedure within the meaning of that section. Tex.Bus. & Comm.Code Ann. § 9.501(e).

In this case, the plaintiff did not seek judicial foreclosure but limited its suit to one on the underlying obligation. The question remains whether the trial court could properly enter an order granting judicial foreclosure when the plaintiff had prayed for a specific money judgment combined with a general prayer.

Rule 301 of the Texas Rules of Civil Procedure provides that: "[T]he judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." Judicial foreclosure, however, is an additional remedy to that of seeking a personal judgment against the debtor. A judgment of foreclosure of a chattel mortgage should not be granted unless it has been specifically requested; a general prayer is not sufficient. See *First Baptist Church of Paris v. Fort*, 93 Tex. 215, 54 S.W. 892 (1900). We, therefore, sustain defendants' point of error number ten and do not reach the question of whether defendants' affidavit raised an issue of fact regarding the existence of the collateral. The existence of the collateral would be immaterial to a suit for a judgment on the debt.

Before considering defendants' points of error complaining of the trial court's failure to grant their cross motion for summary judgment, we will first address plaintiff's third counterpoint which states that defendants' Truth-in-Lending claims are barred by limitations. Allied Finance Company argues that defendants' "affirmative defense" under the Federal Truth-in-Lending Act is barred by Section 1640(e) [2] because appellants did not allege their "affirmative defense of offset" until January 18, 1977, when their first amended answer was filed. Defendants concede that their Truth-in-Lending claim would have been barred by Section 1640(e) had it been brought as an original action at the time it was pled in this case. Appellants contend, however, the Truth-in-Lending Act claim is not barred because it is an action in the nature of a recoupment which arises out of the same transaction as appellee's claim. We agree.

Recoupment, one form of a counterclaim, is a "demand arising from the same transaction as the plaintiff's claim",

---

**2.** 15 U.S.C.A. § 1640(e) (1974) provides as follows: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

while an offset arises out of a transaction different than the one forming the basis of plaintiff's claim. 3 Moore's Federal Practice ¶ 13.02 n. 1, p. 13–54 (2d ed. 1974). Regarding the applicability of statutes of limitations to a demand in the nature of a recoupment, both the Texas and Federal courts follow the general rule that a recoupment, when pled only to defeat plaintiff's claim, is not barred by the statute of limitations so long as the plaintiff's main action itself is timely. The defense of recoupment may be asserted even though the same claim asserted as an independent cause of action would be barred by limitations. *United States v. Western Pacific Railway Co.*, 352 U.S. 59, 62, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *Morriss-Buick Co. v. Davis*, 127 Tex. 41, 91 S.W.2d 313, 314 (1936); 37 Tex.Jur.2d Section 18 (1962); 51 Am.Jur.2d Section 77, p. 656 (1970).

▪ We hold that the principles of recoupment apply here even though defendants called their claim an "off set". Defendants' Truth-in-Lending Act claim involves the same transaction which resulted in the note upon which the plaintiff now seeks to recover. See *Wood Acceptance Co. v. King*, 18 Ill.App.3d 149, 309 N.E.2d 403 (1974); *Reliable Credit Service, Inc. v. Bernard*, 339 So.2d 952 (La.App.1976), cert. denied, 342 So.2d 215 (La.Sup.1977) (no error of law); *Termplan Mid-City, Inc. v. Laughlin*, 333 So.2d 738 (La.App.1976); *Continental Acceptance Corp. v. Rivera*, 50 Ohio App.2d 338, 363 N.E.2d 772 (1976), cert. denied, 434 U.S. 857, 98 S.Ct. 180, 54 L.Ed.2d 129 (1977). But see, *Hewlett v. John Blue Employees Federal Credit Union*, 344 So.2d 505 (Ala.App.1976); *Hodges v. Community Loan & Investment Corp.*, 234 Ga. 427, 216 S.E.2d 274 (1975), affirming, 133 Ga.App. 336, 210 S.E.2d 826 (1974). In Black's Law Dictionary, they say: ". . . While there is a well-defined distinction between set-off and recoupment, they are each, in a sense, set-offs", citing authority.

Next we consider the merits of defendants' contention that the trial court erred in failing to grant its motion for partial summary judgment. Defendants' amended original answer and cross motion for partial summary judgment were predicated upon the following alleged violations of the provisions of the Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq., and of the regulations promulgated pursuant thereto, 12 C.F.R. 226 et seq. (Regulation Z):

"(a) By failing to properly disclose on the Disclosure Statement clearly, conspicuously and in a meaningful sequence the terms of the note in violation of Regulation Z 226.6(a).

(b) By failing to disclose that a security interest in after acquired property of the same character does not attach as against household goods acquired more than ten (10) days after the date of the note's execution in violation of 12 C.F.R. 226.-8(b)(5), and 12 C.F.R. 226.6(c) of Regulation Z."

In support of their cross motion for partial summary judgment, defendants attached as exhibits a copy of the note, the "Federal Disclosure Statement" and the security agreement as well as an affidavit.

▪ It is plaintiff's position that the trial court correctly denied defendants' motion because the defendants' affidavit is fatally defective. We do not reach this contention because the essential issue in a Truth-in-Lending action is whether or not the contract complies with the law. This can be determined in a summary judgment proceeding once the disclosure statement is properly in the record with a motion for summary judgment. See *Ives v. W. T. Grant Company*, 522 F.2d 749 (2nd Cir. 1975); *Bartlett v. Commercial Federal Savings & Loan Association of Omaha, Nebraska*, 433 F.Supp. 284 (D.Neb.1977); *McDonald v. Savoy*, 501 S.W.2d 400 (Tex.Civ. App.—San Antonio 1973, no writ). The disclosure statements contained in the contract between the parties were properly before the trial court as exhibits attached to both plaintiff's and defendants' motions for summary judgment.

The Federal Truth-in-Lending Act is codified in 15 U.S.C.A. §§ 1601–1681t. The

regulations pertaining thereto, commonly known as "Regulation Z", are set out in 12 C.F.R., § 226 et seq. (1977). A creditor is defined in 15 U.S.C.A. § 1602(f) as being one,

". . . who regularly extends, or arranges for the extension of, credit for which the payment of a finance charge is required, whether in connection with loans, sales of property or services, or otherwise. . . ."

The provision of Regulation Z relating to disclosure of security interests, § 226.8(b)(5) provides in pertinent part as follows:

*"(b) Disclosures in sale and nonsale credit.* In any transaction subject to this section, the following items, as applicable, shall be disclosed:

. . . (5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with extension of credit, and a *clear identification of the property* to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify . . If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be *clearly set forth in conjunction with the description or identification of the type of security interest held,* retained or acquired." (Emphasis added).

The agreement between the parties discloses that it is clearly within the purview of the Truth-in-Lending Act. One portion of the agreement is entitled "Disclosure Statement Under Federal Law." The plaintiff (the secured party) is a creditor as defined in Regulation Z and has executed the agreement which states in several particulars it complies with the Texas Consumer Credit Code. The finance charge, in addition to these references, brings the transaction within the scope of the Truth-in-Lending Act and the Texas Consumer Code.

At the top of The Federal Disclosure Statement, the property subject to be secured for this loan, is checked as "Household goods" which are more specifically described immediately below. In conjunction with the description of the property to be held as security for the loan, defendants complain of the language appearing near the bottom of the disclosure statement under number "18" which states: "This security agreement will secure future or other indebtedness and will cover after-acquired property." Defendants contend this statement violated § 226.8(b)(5) of Regulation Z because it failed to disclose that a security interest in after-acquired property will not attach as against household and consumer goods acquired after ten (10) days of the date of the execution of the note in accordance with § 9.204(d)(2), Tex.Bus. & Comm. Code Ann. (1968). That Section provides as follows:

"(d) No security interest attaches under an after-acquired property clause

\* \* \* \* \* \*

"(2) to consumer goods other than accessions (Section 9.314) when given as additional security unless the debtor acquires rights in them within ten days after the secured party gives value."

The reference to after-acquired property contained in the disclosure statement ignores this 10-day limitation and it purports to secure for the creditor all of defendants' after-acquired consumer goods.

Although our Texas courts have not considered this precise question, other courts have consistently ruled that disclosure of an after-acquired property clause without further explanation of the 10-day limitation on personal property subject to the security interest fails to comply with 12 C.F.R. § 226.8(b)(5). The Act calls for a "clear identification of the property" securing the loan and requires that references to after-acquired property "be clearly set forth in conjunction with the description or identification of the type of security interest". See *Pollock v. General Finance Corp.,* 535 F.2d 295, 299 (5th Cir. 1976), aff'd on rehearing, 552 F.2d 1142, 1144–1145 (5th

Cir. 1977); *Tinsman v. Moline Beneficial Finance Co.*, 531 F.2d 815, 818–819 (7th Cir. 1976); *Williams v. Great Western Finance Co.*, Civil Action No. 75–C–104 (S.D.Tex., June 10, 1977); cf. *Ecenrode v. Household Finance Corp. of South Dover*, 422 F.Supp. 1327, 1330–31 (D.Del.1976); *Willis v. Town Finance Corp. of Atlanta*, 416 F.Supp. 10, 11–13 (N.D.Ga.1976); *In re Dunne*, 407 F.Supp. 308, 310–11 (D.R.I.1976); *Woods v. Beneficial Finance Co. of Eugene*, 395 F.Supp. 9, 14–15 (D.Or.1975); *Johnson v. Associates Finance, Inc.*, 369 F.Supp. 1121, 1122–23 (S.D.Ill.1974); *Kenney v. Landis Financial Group, Inc.*, 349 F.Supp. 939, 950–51 (N.D.Iowa 1972).

■ We therefore hold that the disclosure statement concerning the security interest retained in after-acquired property did not comply with the requirement of the regulations that after-acquired property subject to the security interest "shall be clearly set forth in conjunction with the description or identification of the types of security interest held . . ." The reference to after-acquired property contained in the disclosure statement is located at the bottom of the page and not "in conjunction with" the identification of the property subject to the security interest which is located near the top of the page. In addition, this portion of the regulation requires a lender to explain the 10-day limitation of U.C.C. 9–204(4)(b) so that the borrower is informed that any consumer goods that he may acquire within ten days of the loan transaction are subject to the security interest and that any consumer goods acquired after that date are not. *Pollock v. General Finance Corp.*, supra. Since the plaintiff failed to disclose the nature of the security interest retained in after-acquired property, it violated § 226.8(b)(5) as a matter of law.

Our holding on this violation of the Truth-in-Lending Act makes it unnecessary to address the other alleged violations contained in defendants' motion for summary judgment, as the Act authorizes but one recovery for a given credit transaction regardless of the number of infractions compounded in it. *Carney v. Worthmore Furni-*

*ture, Inc.*, 561 F.2d 1100, 1103 (4th Cir. 1977); *Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871, 880 (7th Cir. 1976); *Tinsman v. Moline Beneficial Finance Co.*, supra at 819; *Southwestern Investment Co. v. Mannix*, 557 S.W.2d 755, 766, 770 (Tex. Sup.1977); 15 U.S.C.A. § 1640(g).

■ We conclude that the trial court improperly failed to grant defendants' cross motion for partial summary judgment based on the violations of the Truth-in-Lending Act which appear on the face of the disclosure statement. It necessarily follows that the trial court also erred in failing to award defendants a monetary recoupment equal to the amount of penalties provided in the Act but not greater than the outstanding indebtedness defendants owe to plaintiff.

Defendants' cross motion for summary judgment sought statutory damages for the failure of plaintiff to properly disclose the terms of credit. The applicable statute, 15 U.S.C.A. § 1640(a)(2)(A), provides that any creditor who fails to disclose information as required by the Act shall be liable to that person in an amount equal to twice the amount of the finance charge in connection with the transaction provided that such liability shall not be less than One Hundred Dollars ($100.00) nor greater than One Thousand Dollars ($1,000.00). Defendants, therefore, are entitled to receive a recoupment of Six Hundred Eighty Two Dollars and Thirty-Four Cents ($682.34) which represents twice the finance charge of Three Hundred and Forty-One Dollars and Seventeen Cents ($341.17) evidenced on the face of the disclosure statement.

The Act also specifically provides that a creditor who fails to comply is liable for costs and attorney's fees to a successful litigant under the Act in addition to the statutory damages provided in the Act. 15 U.S.C.A. § 1640(a)(2). Defendants' counsel in this case, Texas Rural Legal Aid, Inc., is authorized to receive attorney's fees in Truth-in-Lending cases the same as private counsel. See *Manning v. Princeton Consumer Discount Co.*, 533 F.2d 102 (3rd Cir. 1976); *Sellers v. Wollman*, 510 F.2d 119 (5th Cir. 1975).

The portion of defendants' claim relating to attorney's fees is therefore severed from the remainder of the case and is remanded to the trial court for the purpose of determining the amount which would constitute reasonable attorney's fees under the facts and circumstances of this case.

That portion of the trial court's judgment granting plaintiff's motion for summary judgment and awarding plaintiff $936.60, the outstanding indebtedness due on the note plus interest is affirmed.

The trial court's judgment granting judicial foreclosure is reversed and the judgment is here modified to exclude all references to foreclosure.

That portion of the trial court's judgment denying defendants' cross motion for partial summary judgment is reversed and judgment is here rendered in favor of defendants for a recoupment of $682.34 to be deducted from the amount defendants owe plaintiff under the note. The costs shall be assessed 50% to plaintiff and 50% to defendants.

The judgment is AFFIRMED IN PART; REVERSED, MODIFIED, AND RENDERED IN PART; AND REVERSED AND REMANDED IN PART.