**James P. JACKLITCH, Individually and on behalf of all others similarly situated, Plaintiff-Appellee,**

v.

**REDSTONE FEDERAL CREDIT UNION, a corporation organized and existing under the laws of the United States of America, Defendant-Appellant.**

No. 79–2352
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 18, 1980.

As Modified on Denial of Rehearing
June 20, 1980.

* Fed.R.App.P. 34(a); 5 Cir. R. 18.

Currun C. Humphrey, Huntsville, Ala., for defendant-appellant.

Philip A. Geddes, Huntsville, Ala., Charles G. Spradling, Jr., Legal Aid Soc. of Madison County, Huntsville, Ala., for plaintiff-appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

■ The disclosure statement violates the Truth-in-Lending Act, 15 U.S.C. § 1639(a)(8), as interpreted by us in *Pollock v. General Finance Corp.*, 535 F.2d 295, 299–300 (5th Cir. 1976), *petition for rehearing denied*, 552 F.2d 1142, *cert. denied*, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977), by failing to disclose that, under Alabama law, Code of Ala. § 7–9–204(4)(b) (1975), a security interest would attach only to those consumer goods obtained within 10 days of the date of the loan transaction.[1]

■ The lender contends that *Pollock* does not apply because the security interest created by its loan document was in accessions only and therefore was not subject to the 10-day limitation. The language of the security agreement, however, does not lend itself to such a clear and unambiguous import. It extended the security agreement to the property described and "accessions, replacements and additions hereafter attached thereto; . . . and all after-acquired property that may be identified as above described . . . ." Although the clause is not unambiguous, we agree with the district judge that it does not refer only to accessions. It fairly may be read to include replacements for the property itself; it clearly covers additions to the property

---

1. Alabama law has been amended to extend the period to 20 days. *See* Code of Alabama § 7–9–204(4)(b) (Supp.1979).

which may not be included in the narrow term "accessions." *Compare* Code of Alabama § 7–9–314 (accessions are goods "installed in or affixed to other goods" which "become part of a whole") *with* Annot., 43 A.L.R.2d 813 (1955 & Supp.1969) (not all additions to goods are accessions). The security agreement is, therefore, subject to the 10-day limitation, and the lender is bound to disclose that fact. *Pollock*'s holding has been recently reaffirmed, *Carr v. Blazer Financial Services, Inc.*, 598 F.2d 1368, 1370 (5th Cir. 1979); *Williams v. Blazer Financial Services, Inc.*, 598 F.2d 1371, 1374 (5th Cir. 1979).

■ The district court properly refused to recognize a good faith defense under 15 U.S.C. § 1640(f) based on Redstone's reliance on the Federal Reserve Board pamphlet, *What You Ought to Know About Federal Reserve Regulation Z* and Exhibit E thereto, a model form containing the exact disclosure language utilized by Redstone. The pamphlet was distributed nationally during March and April, 1969, and has since been revised. While the district court found that Redstone had relied in good faith on the pamphlet, it held the defense was not available because the pamphlet was not a "rule, regulation, or interpretation thereof by the Board," and because the 1976 amendment to section 1640(f), which extended the defense to those creditors who relied upon interpretations or approval by a duly authorized official or employee of the Federal Reserve System, was only prospective in effect.

Prior to the 1976 amendment to section 1640(f), a creditor's reliance on staff approval such as the three staff letters relied on by Redstone could not establish a good faith defense under that section. *Charles v. Krauss Co., Ltd.*, 572 F.2d 544, 547–48, 549 n. 4 (5th Cir. 1978); *see also Pollock*, 552 F.2d at 1144–45; *Jones v. Community Loan & Inv. Corp. of Fulton City*, 544 F.2d 1228,

1232 (5th Cir. 1976), *cert. denied*, 431 U.S. 934, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). Moreover, this Court has specifically held that reliance on the pamphlet relied on will not establish a good faith defense under section 1640(f); *Pennino v. Morris Kirschman & Co., Inc.*, 526 F.2d 367, 371 n. 8 (5th Cir. 1976). *Accord, Basham v. Finance America Corp.*, 583 F.2d 918, 924 n. 9 (7th Cir. 1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979). *See also Ruppin v. Bastrop Loan Co., Inc.*, 610 F.2d 283, 285 (5th Cir. 1980) (reliance on model forms prepared by Federal Reserve System does not constitute defense under § 1640(f).)

■ The district court certified a class defined to include those persons who enter into consumer credit transactions with Redstone during the period from June 6, 1974 through June 5, 1975. This time period was not the original one pleaded by Jacklitch in his class action complaint; instead it represents the one year period immediately preceding appellee King's intervention into the suit. Redstone contends that the district court abused its discretion in defining the class to include claims arising during the one year period preceding the class representative's intervention into the action.

This contention was not presented below and therefore will not be considered on appeal.

For these reasons, the judgment of the district court is AFFIRMED.