**Wilma Diane BROWN, Appellant,**

v.

**U. S. LIFE CREDIT CORPORATION, Appellee.**

**No. 18266.**

Court of Civil Appeals of Texas, Fort Worth.

June 12, 1980.

Garrett & Burkett, and Robert D. Akers, Forth Worth, for appellant.

Jack C. Myers, Dallas, for appellee.

## OPINION

HUGHES, Justice.

Wilma Diane Brown has appealed from the judgment of the trial court rendered in favor of her creditor, U. S. Life Credit Corporation, who had sued her on an unpaid balance due on a note. Mrs. Brown appeals to the denial of her counterclaim for damages under the Texas Consumer Credit Code and the Federal Truth in Lending Act.

We reverse and render in part and reverse and remand in part.

Mrs. Brown and her husband (who is not a party to this suit) borrowed money from U. S. Life Credit Corporation. Before making the loan which gave rise to the present case, the parties had other dealings with one another. As a result of these other dealings, at the time the Browns entered into the present loan agreement they owed U. S. Life around $1,000.00. When the Browns sought to borrow more money, U. S. Life refinanced the first loan, loaned additional money, and created a second loan. The Browns signed a new promissory note and security agreement in return. The face amount of the new note was $1,900.00.

The security agreement contained the following language: "This loan is secured by A Security Agreement . . .. The Security Agreement will also secure extensions and renewals of this note and other advances made under it and will cover after-acquired property." When the Browns had $953.80 remaining to pay on the second loan, they defaulted. U. S. Life brought suit against Mrs. Brown for the unpaid amount, reasonable attorneys fees as provided in the loan contract, court costs and interest.

Mrs. Brown answered and counterclaimed, alleging that U. S. Life violated Tex.Rev.Civ.Stat.Ann. arts. 5069–3.15 (1971) and 5069–3.18 (Supp.1978–79); the Federal Truth in Lending Act (TILA), 15 U.S.C.A. sec. 1601 et seq. (1974), and the regulations under it, 12 C.F.R. sec. 226 (1977) ("Regulation Z"); and the Texas Uniform Commercial Code (UCC), Tex.Bus. & Comm.Code Ann. sec. 9.503 (Supp.1980). In addition, Mrs. Brown sought statutory attorneys fees. U. S. Life asserted that Mrs. Brown's counterclaim was barred by a one year statute of limitations contained in TILA.

■■■ U. S. Life contends that the one year statute of limitations contained in TILA, 15 U.S.C.A. sec. 1640(e) (1974) bars Mrs. Brown's counterclaim. We disagree. A counterclaim claim is not barred to the extent it does not exceed an underlying loan, if it is an action in the nature of a recoupment which arises out of the same transaction as the underlying loan. *Christian v. First Nat. Bank of Weatherford,* 531 S.W.2d 832, 838 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.). In a recent TILA suit, with facts almost identical to the present case, it was stated:

"Recoupment, one form of counterclaim, is a 'demand arising from the same transaction as the plaintiff's claim', . . .. Regarding the applicability of statutes of limitations to a demand in the nature of a recoupment, both the Texas and Federal courts follow the general rule that a recoupment, when pled only to defeat [a] plaintiff's claim, is not barred by the statute of limitations so long as the plaintiff's main action itself is timely. The defense of recoupment may be asserted even though the same claim asserted as an independent cause of action would be barred by limitations. [Citations omitted.]" *Garza v. Allied Finance Co.,* 566 S.W.2d 57, 62–63 (Tex.Civ.App.—Corpus Christi 1978, no writ).

The principles of recoupment apply here. Mrs. Brown was not barred by the statute of limitations when she brought her counterclaim to the extent it did not exceed the amount of her loan from U. S. Life.

In her first point of error, Mrs. Brown complained of the take nothing judgment rendered against her on the ground that U. S. Life had violated the Texas Consumer Credit Code. During oral argument, counsel for Mrs. Brown advised this court that she was waiving this point and abandoning her argument under it. Consequently, we do not reach her first point nor do we treat it as raised for the purposes of this appeal.

■■■ Point of error two contends that the trial court erred in rendering a take nothing judgment on Mrs. Brown's counterclaim against U. S. Life "because Appellee violated the Federal Consumer Credit Protection Act." This point of error makes no specific complaint as to which provision of that act U. S. Life allegedly violated, so we have looked to the statement and discussion under the point. An appellate court is required to pass on the sufficiency and merits of a point of error in light of the statement and argument thereunder. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478, 482 (1943). An appellate court is also required to consider any argument which is raised by a point of error, or which may be reasonably apparent from it. 5 Tex.Jur.3d, *Appellate Review* sec. 469 (1980). Based on Mrs. Brown's second point, it is apparent she complains of a violation of 15 U.S.C.A. sec. 1639(a)(8) (1974) and 12 C.F.R. sec. 226.-8(b)(5) (1978). Our discussion is limited to these particular statutory and regulatory provisions.

■ The security agreement which Mrs. Brown signed contained an "after-acquired property clause". TILA and Regulation Z prohibit creditors from utilizing these clauses to obtain a security interest in more property than the debtor owns at the time the security interest is taken unless the "nature and extent" of the security interest is disclosed to the debtor. 15 U.S.C.A. sec. 1639(a)(8) (1974). The question is whether U. S. Life, when it retained a security interest, violated federal law by failing to disclose to Mrs. Brown a ten day limitation on the attachment of a security interest in any after-acquired consumer goods she purchased. We hold that this failure to disclose was a violation. We sustain Mrs. Brown's second point of error.

■ Section 9–204 of the UCC provides in part:

"(a) Except as provided in Subsection (b), a security agreement may provide that any or all obligations covered by the security agreement are to be secured by after-acquired collateral.

"(b) No security interest attaches under an after-acquired property clause to consumer goods other than accessions (Section 9.314) when given as additional security *unless the debtor acquires rights in them within ten days after the secured party gives value.*" Tex.Bus. & Comm. Code Ann. sec. 9.204 (Supp.1980). (Emphasis supplied.)

The provision of the UCC renders any after-acquired property clause regarding consumer goods unenforceable ten days after a creditor "gives value" to the debtor. Thus, where a disclosure statement does not disclose that under Texas law a security interest would attach only to consumer goods obtained within ten days of the date of loan transaction the failure to disclose such a durational limit is a violation of TILA and Regulation Z. *Pollock v. General Finance Corp.*, 535 F.2d 295, 299 (5th Cir. 1976), *petition for rehearing denied*, 552 F.2d 1142, *cert. denied*, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977); *Jacklitch v. Redstone Federal Credit Union*, 615 F.2d 679 (5th Cir., 1980); and *Garza v. Allied Finance Co.,*

*supra* at 64–66. In considering whether a violation has occurred, it does not matter whether the creditor has sought to enforce the attachment of any security interest beyond its ten day limit, as the mere non-disclosure of the ten day limitation regarding consumer goods gives rise to liability on the part of the creditor. In light of this, we conclude that U. S. Life violated TILA and Regulation Z.

U. S. Life argues there is case authority and other reasons in support of its position that it is not liable for failure to make the required disclosure. It cites *Pinkett v. Credithrift of America, Inc., No. 2,* 430 F.Supp. 113 (N.D.Ga.1977). *Pinkett* was decided three months before *Pollock*, and both cases are factually identical for all relevant purposes in deciding the present case. We question whether the holding in *Pinkett* remains viable since it was decided by a federal district court within the jurisdiction of the Fifth Circuit U. S. Court of Appeals, the court which decided *Pollock*.

A second case cited by U. S. Life, *Matter of Dickson*, 432 F.Supp. 752 (W.D.N.C.1977), is distinguishable. In that case, the disclosure statement was similar to the one in the present case, but it contained additional language with reference to the security interest stating "[s]uch security interest also relates to the extent permitted by law, to after-acquired property." 432 F.Supp. at 757. This disclaimer had the effect of notifying the borrower of some limitation on the nature and extent of the after-acquired property security clause and was sufficient to satisfy the disclosure requirement of TILA and Regulation Z. Such a disclaimer was not present in the present case.

U. S. Life also relies on *Dzadovsky v. Lyons Ford Sales, Inc.*, 452 F.Supp. 606 (W.D.Pa.1978). We apparently do not interpret this case as U. S. Life does. Also, since it arises out of the Third Circuit, it is not controlling on us are *Pollock* and *Jacklitch*.

■ A further argument advanced is that we should not follow *Pollock* because U. S. Life relied on a letter opinion by the Federal Reserve Board. If this letter opin-

ion were a "rule, regulation, or interpretation thereof by the Board", U. S. Life would be entitled to rely on the letter to interpose a good faith reliance as a defense. 15 U.S. C.A. sec. 1640(f) (Supp.1980). However, as noted in *Jacklitch*, where a credit union relied on a similar letter to the one on which U. S. Life relied, the letter did not satisfy the statutory requirement to qualify as a good faith defense. Staff letters of the Federal Reserve Board are not a proper "rule, regulation or interpretation thereof" in which such a good faith defense can be based. *Jacklitch v. Redstone Federal Credit Union, supra*, at 680–681.

Finally, U. S. Life argues that *Pollock* does not properly state the law and that its application here is not proper under the facts of this case. In light of the Fifth Circuit's recent express reaffirmation of the principles announced in *Pollock* by the *Jacklitch* decision, the similarity of both of these cases to the facts of the present case, and the following of the *Pollock* rationale in *Garza*, we are not convinced that we should abandon the precedent set by these other courts. The Supreme Court of Texas has not passed on the controlling law in the present case. Accordingly, we must look to the decisional law of the federal courts with jurisdiction over matters arising within Texas. That would appear to be found in *Pollock* and *Jacklitch*. Both of these cases extensively examine the same issues presented in the instant case, and we hold such decisions to be binding here.

Having determined that U. S. Life violated TILA and Regulation Z with respect to the failure to disclose the ten day limitation on the attachment of the security interest to consumer goods, we consider 15 U.S.C.A. sec. 1640(a)(2) (Supp.1980), which provides the penalty for disclosure violations of the type under which Mrs. Brown sought recovery. This section imposes a civil liability of twice the finance charge on a transaction which is not in compliance with the disclosure requirements of TILA and Regulation Z. The finance charge levied on the loan in question was $325.00, and accordingly, we render judgment that Mrs. Brown is entitled to a recoupment of $650.00 from U. S. Life.

In addition to allowing double the finance charge in the transaction, 15 U.S.C.A. sec. 1640(a)(3) (Supp.1980) also provides for reasonable attorneys fees. As the trial court rendered a take nothing judgment on Mrs. Brown's counterclaim, no award of statutory attorneys fees was made. Since the award of such fees is within the discretion of the trial court, and such an award may be a proper part of Mrs. Brown's recovery in light of our holding, we sustain her third point of error. The judgment of the trial court denying Mrs. Brown's attorneys fees on her counterclaim is reversed and remanded for a determination of that amount.

The judgment of the trial court is reversed and rendered in part and reversed and remanded in part.

MASSEY, C. J., dissents.

MASSEY, Chief Justice, dissenting.

I protest the punishment of U. S. Life Credit Corporation because of the failure to disclose the invalidity of a provision of contract because of a statute under circumstances by which Wilma Diane Brown could have suffered no injury as a consequence of the failure to make disclosure.

I would affirm the judgment.