John C. POLLOCK and Barbara Pollock,
Plaintiffs-Appellees,

v.

GENERAL FINANCE CORPORATION,
Defendant-Appellant.

No. 75–2017.

United States Court of Appeals,
Fifth Circuit.

July 16, 1976.

Lewis N. Jones, J. Norwood Jones, Jr., Atlanta, Ga., for defendant-appellant.

G. W. Florence, Jr., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, McCREE * and TJOFLAT, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal by the defendant from an adverse judgment in a truth-in-lending

action. 15 U.S.C. § 1639. The district court determined that the defendant had violated the requirements of Regulation Z, 12 C.F.R. § 226.8, by failing to inform the borrowers in the disclosure statement about (1) the actual proceeds of the loan, (2) the fact that after-acquired property was subject to a security interest and (3) the consequence that any future indebtedness was secured by property used to secure the present loan. We affirm.

This case was heard by Bankruptcy Judge William L. Norton, Jr., sitting as a Special Master for the U. S. District Court for the Northern District of Georgia. On February 28, 1975, Judge Norton filed his Recommendations and on March 26, 1975, the district court adopted the Special Master's Recommendations and entered judgment in favor of the plaintiffs.

It appears from the record that on September 12, 1973, appellees obtained a loan ("consumer credit" under 15 U.S.C. §§ 1602(e), (h)) in the amount of $155.28. The disclosure statement, however, failed to state expressly that the loan proceeds were $155.28. Instead, the statement indicated that the "amount financed" was $171.36. The statement separately itemized the charges for credit life insurance and disability credit insurance of $3.84 and $12.24, respectively. The "amount financed" was defined in another part of the disclosure statement as including insurance charges and the principal amount of the loan.[1]

The district court adopted the bankruptcy judge's recommended finding that a violation of 12 C.F.R. § 226.8(d)(1) had occurred. That section provides that the "amount of credit . . . which will be paid to the customer . . ., including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge" must be disclosed. The bankruptcy judge deter-

---

* Of the Sixth Circuit, sitting by designation.

1. The disclosure statement provided by General Finance is as follows:

mined that the principal amount of the loan ($155.28) represented a part of the amount of credit extended and that individual itemization was required.

The district court further determined that the disclosure statement phraseology about future indebtedness and about security interests in after-acquired property conflicts with the corresponding language of the security agreement. With respect to after-acquired property, the disclosure statement recites that the security agreement *"may* cover after-acquired property."

The pertinent language of the security agreement indicates, however, that a security interest *would be retained* in "all of the household and consumer goods . . . now or hereafter located in . . . the Debtor's residence . . . ." With respect to future indebtedness, the next sentence in the disclosure statement provides that "[a]ny chattel or real property which secured this loan *may* secure future or other indebtedness." The security agreement, however, indicates that future indebtedness incurred by the debtor "at any time before the entire indebtedness secured thereby

shall be paid in full" *would be secured* by the property described in the security agreement.

With respect to these two disclosures, the court determined that General Finance had failed to "clearly set forth" the fact that after-acquired property *will be* subject to the security interest or that future indebtedness *will be* secured by property listed in the security agreement. It concluded that General Finance thereby violated 12 C.F.R. § 226.8(b)(5).[2]

The first issue we consider is whether the district court erred in determining that the failure of General Finance to separately itemize the amount of the loan proceeds was a violation of § 226.8(d)(1). The regulation requires disclosure of the "amount of credit . . . which will be paid to the customer . . . including *all charges, individually itemized*, which are included in the amount of credit extended but which are not part of the finance charge . . ." The disclosure statement here clearly identifies and itemizes $3.54 and $12.24 as credit insurance charges. However, it does not expressly identify and itemize the principal amount borrowed.[3]

District Judge O'Kelley made the following observation about § 226.8(d)(1) which would support the conclusion that the principal amount of loan proceeds need not be itemized:

It appears to this court that the phrase, "which are included in the amount of credit extended but which are not part of the finance charge," clearly refers to the charges because otherwise there would be no need for the "but which are not part of the finance charge" since this contemplates a "charge" not an amount of credit which is paid to the borrower or on his

account. This would indicate that the wording "individually itemized" sandwiched between the reference to all "charges" and that phrase refers only to such charges.

*Mullinax v. Aetna Finance Co.*, CA 19124 (July 25, 1975 N.D.Ga.).

We tend to agree that Judge O'Kelley's interpretation of Regulation Z, § 226.8(d)(1) is more consonant with the literal language of the regulation than is the interpretation made by the district judge in this case. Nevertheless, we affirm the district court's finding of a disclosure violation because the regulation must be read in light of the statute which requires separate disclosure of the amount borrowed. Under 15 U.S.C. § 1639(a) a creditor is required to "disclose each of the following items, to the extent applicable:"

(1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.

(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.

(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)).

These three subsections of § 1639(a) clearly require the disclosure of three different items. A creditor must disclose (1) the amount of cash given to the debtor or given on the debtor's behalf, (2) the charges, individually itemized, and (3) the total of the above two amounts. As the disclosure statement makes apparent, General Finance satisfied only the last two subsections of § 1639(a). The statement

---

**2.** The regulation provides in pertinent part that: "If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth . . . ."

**3.** We observe that the Office of Saver and Consumer Affairs of the Federal Reserve System has issued an opinion letter to General Finance stating that it did 'not consider the basic amount of loan proceeds to be a 'charge' within the meaning of § 226.8(d)(1) and thus [did] not believe that this amount must be individually described under that section.'

also informed the debtor that the total amount financed was $171.36. However, the statement failed to disclose that the amount of the loan was $155.28.[4] Although the debtor could have determined the amount of the loan by the simple arithmetic procedure of subtracting the total insurance charges from the total amount financed, we determine that the statute does not require a consumer to perform this function, and that the creditor's failure to disclose the required item violated § 1639(a)(1).

Next, we consider whether General Finance failed to properly disclose that appellees' after-acquired property would be subject to appellant's security interest. As we have indicated above, § 226.8(b)(5) requires disclosure of the fact that "after-acquired property *will be* subject to the security interest . . . ." (Emphasis added). Although the appellant concedes that there is a discrepancy between the language of the security agreement (unconditional) and the language in the disclosure statement (conditional), it contends that the conditional language of the disclosure statement accurately reflects the uncertainty surrounding the possibility of obtaining a security interest in after-acquired property. In Georgia, the Uniform Commercial Code has been adopted and §§ 9–204(3), (4)(b) govern the determination whether after-acquired property is subject to a lender's security interest. Under § 9–204(3), it is stated that "except as provided in subsection (4) a security agreement may provide that collateral, whenever acquired, shall secure all obligations covered by the security agreement." Subsection (4) states that "no security interest attaches under an after-acquired property clause . . . (b) to consumer goods . . . when given as additional security unless the debtor acquires rights in them within 10 days after the secured party gives value." The disclosure statement clearly indicated that consumer goods were subject to the security interest. Accordingly, although it is the general rule under subsection (3) that

after-acquired collateral will secure present obligations under the security agreement, *consumer goods* acquired after the security agreement was entered into by the parties cannot be made subject to the security interest unless they are acquired within 10 days after the secured party has given value.

We believe that the disclosure statement, although perhaps not false, fails to make a complete disclosure concerning the security interest retained in after-acquired goods, and therefore it did not comply with the further requirement of the regulation that notice that after-acquired property will be subject to the security interest "shall be clearly set forth in conjunction with the description or identification of the type of the security interest held . . . ." We believe that this portion of the regulation requires a lender to explain the 10 day limitation of UCC 9–204(4)(b) so that the borrower is informed that any consumer goods that he may acquire within 10 days of the loan transaction are subject to the security interest and that any consumer goods acquired after that date are not. Since the lender failed to disclose the nature of the security interest retained in after-acquired property, we determine that General Finance violated § 226.8(b)(5).

Next we consider whether General Finance properly disclosed the fact that future indebtedness would be secured by property described in the security agreement. Although the security agreement indicated that future indebtedness was secured by the property described in the agreement, the disclosure statement again used conditional language to indicate that "any chattel . . . which secured this loan *may* secure future . . . indebtedness." This regulation requires disclosure if "future indebtedness is or may be secured by any such [referring to after-acquired] property." The Uniform Commercial Code

---

4. Although one of the amounts listed on the statement was $155.28, there was no description indicating what this amount was. We do not believe that this constitutes the meaningful disclosure required by § 1639(a). *See* 15 U.S.C. § 1601.

permits future advances to be secured by items listed in the security agreement (9–204(5)), and does not have a limitation similar to the one concerning after-acquired property.

Again, we believe that the lender failed to follow the mandate of the regulation that notice of the fact that future indebtedness is secured by after-acquired property "shall be clearly set forth in conjunction with the description or identification of the type of security interest held . . . ." The lender should have indicated (1) that a security interest was retained in all consumer goods acquired by the borrower if the goods should be acquired within 10 days of the date that the lender makes the loan and (2) that no security interest was retained in consumer goods acquired after the 10 day period.

In accordance with the above, the judgment of the district court is affirmed.