**Russell P. LINER, Plaintiff-Appellant,**

v.

**AETNA FINANCE COMPANY,**
Defendant-Appellee.

No. 76-2587

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 13, 1977.

Rehearing Denied Aug. 8, 1977.

Keith A. Rodriguez, New Orleans, La., for plaintiff-appellant.

Kenneth J. Berke, New Orleans, La., for defendant-appellee.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM: ·

Plaintiff, Russell P. Liner, sued under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq. to recover for alleged violations arising when he borrowed a sum of money from defendant, Aetna Finance Co., and received a federal disclosure statement from them. The trial judge found no violation of 12 C.F.R. § 226.8(d)(3). Since the "finance charge" consisted of only one item, interest, the finance company did not need to itemize the "finance charge." Second, the judge failed to find a violation of 12 C.F.R. § 226.8(d)(1), which requires itemization of the "amount financed," because he deemed the listings "Paid to Globe Finance," and "Paid to Hibernia Bank" sufficient. Finally, the court rejected plaintiff's contention that the absence of his signature beneath the words "I

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

desire Credit Life Insurance" on his copy created a violation of § 226.8(a). Appellant brings forward the first two points. We find that the point concerning itemization of finance charge is without merit, but are required to reverse and remand on the point concerning itemization of amount financed for reconsideration in light of *Pollock v. General Finance Corp.*, 535 F.2d 295 (5 Cir. 1976), pet. for reh'g denied, dated May 27, 1977, 5 Cir., 552 F.2d 1142.

■ Appellant first contends that the Federal Reserve Board abused its powers in issuing 12 C.F.R. § 226.820, which states that where only a single type of charge comprises the finance charge, disclosure of the total dollar amount of such charge, using the term "finance charge," complies with the requirements of § 226.8(d)(3). The guidelines delineated in a case appellant relies on heavily, *Continental Oil Co. v. Burns*, 317 F.Supp. 195 (D.Del.1970), demonstrate that § 226.820 is an interpretation of § 226.8(d)(3), rather than a substantive change in the rule. The language of § 226.-820 clarifies the regulation, and does not make it any more onerous or in any way effect a "drastic change." *See also Lewis-Mota v. Secy. of Labor*, 469 F.2d 478 (2 Cir. 1972).

■ A recent Fifth Circuit case controls the second issue. In *Pollock* this Court held that a creditor must disclose the amount of cash given to the debtor or given on the debtor's behalf, the charges individually itemized, and the total of the previous two amounts. The disclosure statement involved in the instant case is identical to that in *Pollock*, in that although it itemized the fees and insurance charges, it failed to disclose the principal amount of the loan. Accordingly, we reverse and remand to the district court for proceedings consistent with *Pollock*.

The decision of the district court is AFFIRMED IN PART and REVERSED AND REMANDED IN PART.