**H. Clyde SMITH, Appellant,**

v.

**GREATER HOUSTON BANK, Appellee.**

No. 17391.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

April 5, 1979.

Paul Kens and Robert C. Sohns, Jr., Houston, W. Thomas McKissick, Alvin, for appellant.

Edwin Lamm, III, Houston, for appellee.

WALLACE, Justice.

Appellant, H. Clyde Smith, was defendant and cross-plaintiff below. Appellee, Greater Houston Bank, was plaintiff and cross-defendant below. Appellant appeals from a judgment denying him recovery on his counterclaim for statutory damages under the Federal Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq., and 12 CFR § 226 et seq.

Appellee sued appellant on a promissory note which evidenced a loan made to appellant for the purchase of a boat for personal use. A security agreement was executed by appellant simultaneous with the note. Appellant counterclaimed alleging various violations of 15 U.S.C.A. § 1601 et seq., Federal Truth-in-Lending Act, and 12 CFR § 226 et seq., Federal Reserve Board Regulation Z. The alleged violation material to the appeal is:

"The fact that security interest extended to after-acquired property was not clearly and accurately disclosed because the disclosure statement did not inform the borrower that under Texas law the security interest could not attach to consumer goods acquired after ten (10) days from the date the lender gave value."

Trial was to the court which rendered judgment in favor of appellee for the unpaid balance of the note plus interest and attorney fees. This part of the judgment is not attacked by appellant. The trial court filed findings of fact and conclusions of law. The findings pertinent to this appeal are:

"9. H. Clyde Smith suffered no actual damage as a result of the alleged violation by Greater Houston Bank of the provisions of 15 U.S.C.A. § 1601 et seq. and 12 CFR § 226 et seq.

"13. Greater Houston Bank did not fail to clearly and accurately define the extent of the security interest created by the security agreement described . . above".

■ Appellant's first point of error is directed to the failure of the trial court to grant appellant's counterclaim, asserting that the security agreement did not comply with 15 U.S.C.A. § 1601 et seq. and 12 CFR § 226 et seq. as a matter of law. The reason urged was that the agreement did not inform the borrower that the security interest in after-acquired property, which was consumer goods, was limited by law to those goods acquired within ten (10) days of the date the lender gave value. Tex.Bus. and Comm. Code Ann. § 9.204(d)(2). It is not disputed that 15 U.S.C.A. § 1601 et seq. and 12 CFR § 226 et seq. are applicable to the transaction in question. 12 CFR 226.-8(b)(5) provides:

"If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any· such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."

In *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976) the court interpreted the above provision as follows:

"We believe this portion of the regulation requires a lender to explain the 10 day limitation of UCC 9.204(4)(b) so that the borrower is informed that any consumer goods that he may acquire within 10 days of the loan transaction are subject to the security interest and that any consumer goods acquired after that date are not. Since the lender failed to disclose the nature of the security interest retained in after-acquired property, we determine that [the lender] violated § 226.8(b)(5)."

The Texas courts are in accord with this view. *Garza v. Allied Finance Co.*, 566 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1978, no writ hist.), in adopting the fifth circuit view, stated:

"This portion of the regulation requires a lender to explain the 10-day limitation of U.C.C. 9–204(4)(b) so that the borrower is informed that any consumer goods that he may acquire within 10 days of the loan transaction are subject to the security interest and that any consumer goods acquired after that date are not." (at page 65)

This was also the view adopted by the court in *Casillas v. Government Employees Credit Union*, 570 S.W.2d 57 (Tex.Civ.App. —El Paso 1978, writ ref'd n. r. e.). This view has been adopted not only by the fifth circuit, but by a number of other federal courts. *Tinsman v. Moline Beneficial Finance Company*, 531 F.2d 815 (7th Cir. 1976); *In Re Dunne*, 407 F.Supp. 308 (D.R.I. 1976); *Willis v. Town Finance Corp.*, 416 F.Supp. 10 (N.D.Ga.1976); *Woods v. Beneficial Finance Company*, 395 F.Supp. 9 (D.Or. 1975).

The only authority cited by appellee for its failure to more fully explain the 10 day rule as to after-acquired property was a Federal Reserve Board Opinion Letter No. 983 dated January 5, 1976. To bolster the weight of the Federal Reserve Board Opinion Letter, appellee relies on *Philbeck v. Timmers Chevrolet, Inc.*, 499 F.2d 971 (5th Cir. 1974). In *Philbeck* the court said that Federal Reserve Board Opinions are to be given "great deference". Texas courts, however, have adopted the view expressed in *Ives v. W. T. Grant Company*, 522 F.2d 749 (2nd Cir. 1975) which rejects this defense. *Pollock v. General Finance Corp.*, supra, also rejects this view. In *Casillas v. Government Employees Credit Union*, supra, the court said:

"The court in *Pollock v. General Finance Corporation* . . . considered both [staff] letters, rejected the staff conclusions, and held that the ten-day limitation on after acquired property *must* be disclosed. That decision was followed in *Garza v. Allied Finance Company* . . ."

Appellee asserts that the *Pollock* case which rejected the "great deference view" to staff opinion letters is distinguishable from the instant case because the *Pollock* case dealt with a loan disclosure statement which stated "the security agreement '*may* cover after-acquired property.'" They contend that since in this case the security agreement stated "a security interest *is* granted . . ." there is a compliance with all applicable regulations. This position has been impliedly rejected by Texas Courts. In *Casillas, supra,* the disclosure form stated, "'The Security Agreement *will* secure future or other indebtedness and *will* cover after acquired property.'" Nonetheless, the court held the disclosure form defective as it failed to include the ten-day limitation on after-acquired property.

Since appellant's first point of error states the prevailing law of Texas it is sustained.

 Appellant's second point of error is directed to the trial *court's finding* that appellant suffered no actual damages and refusal to award statutory damages.

15 U.S.C.A. § 1640(a) provides:

"Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E or this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2) (A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction . . . except that the liability under this subparagraph shall not be less than $100.00 or greater than $1000.00 . . .; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640.

No showing of actual damage is required. Recovery is fixed by law. *Hinkle v. Rock Springs Nat. Bank,* 538 F.2d 295 (10th Cir. 1976). Further, it is not necessary that the consumer be mislead before he is entitled to enforce liability. *McGowan v. King, Inc.,* 569 F.2d 845, 5th Cir. 1978). Rather, the "twice the finance charge" recovery provision of the Act has been viewed "as a means of achieving enforcement of the Act by encouraging private causes of action." *Murphy v. Household Corp.,* 560 F.2d 206 (6th Cir. 1977), creating a "species of 'private attorney general' to participate prominently in enforcement", *Ratner v. Chemical Bank New York Trust Co.,* 329 F.Supp. 270, 280 (S.D.N.Y.1971).

In the instant case the finance charge is set out in the note in the amount of $582.33. The maximum statutory penalty is $1000, less than twice the amount of the finance charge. Appellant is entitled to statutory damages of $1000.

Appellant's third point of error complains of the trial court's failure to award him attorney fees.

The Act, as quoted above, provides for reasonable attorney fees and they should be awarded. The amount of reasonable attorney fees is a matter within the sound discretion of the trial court. The judgment of the trial court is reversed and the cause remanded to the trial court for determination of attorney fees to be awarded appellant, and for rendition of judgment in favor of appellant for statutory damages of $1,000.00.

EVANS, WALLACE and WARREN, JJ., sitting.