Mary Ann WARREN, Plaintiff-Appellant,

v.

CREDITHRIFT OF AMERICA, INC., Defendant-Appellee.

No. 78–2025.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 1979.

Decided June 14, 1979.

Rehearing and Rehearing En Banc Denied Aug. 27, 1979.

Donald L. Robinson, Peoria, Ill., for plaintiff-appellant.

Harry C. Bulkeley, Galesburg, Ill., for defendant-appellee.

Before PELL and TONE, Circuit Judges, and KIRKLAND, Senior District Judge.*

KIRKLAND, Senior District Judge:

The issues before us are: (1) whether a creditor's failure to disclose on the loan statement the amount of credit the debtor will have for actual use violates the Truth in Lending Act ("the Act"), 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226.1 *et seq.*, of the Federal Reserve Board and (2) whether the disclosures required on the loan statement by the Act and Regulation Z are made by this creditor in meaningful sequence. We hold that no liability may be imposed on a creditor who complies in good faith with the requirements of Regulation Z notwithstanding that creditor's failure to comply with a dis-

closure of loan proceeds required by the Act. We also hold that the disclosures made by this creditor are made in meaningful sequence. Accordingly, we affirm the judgment of the District Court of June 21, 1978.

## I.  Facts

The facts of this case are uncontested. The essential facts are that on February 16, 1977, defendant-appellee extended consumer credit to plaintiff-appellant in the form of a loan for her personal use. In connection with the extension of said credit, defendants prepared a "Loan Statement" which purported to make all the disclosures required by the Act and Regulation Z. Plaintiff alleges that defendant violated Section 1639(a) of the Act and Regulation Z by failing to disclose the actual amount of credit to be extended to plaintiff and failing to make other required disclosures in meaningful sequence.

Specifically, plaintiff alleges that the amount financed figure does not reveal the amount actually to be paid to her because the amount financed figure includes insurance charges which are to be deducted from the amount of money actually paid to plaintiff. Plaintiff also asserts that the individual insurance charges are not in reasonable proximity to the amount financed, thus obscuring the fact that they are component parts of the latter figure. Plaintiff claims that these are logically related terms which should be grouped together in order to satisfy the "meaningful sequence" requirement.

The District Court granted defendant's motion for summary judgment and dismissed plaintiff's complaint. The Court held that defendant's failure to disclose and to itemize individually the amount of credit plaintiff would have for actual use did not constitute a violation of the Act and Regulation Z. The District Court also concluded that defendant made all the disclosures mandated by the Act and Regulation Z in a meaningful sequence.

---

* Judge Alfred Y. Kirkland of the Northern District of Illinois sat on this case at the time of oral argument by designation. On May 1, 1979, Judge Kirkland became a senior district judge of the Northern District of Illinois and is continuing to sit on this case by redesignation.

## II.

■ In *Basham v. Finance America Corporation*, 583 F.2d 918 (7th Cir. 1978), this Court considered an issue identical to one presented by this case; i. e., whether a creditor's failure to disclose the actual proceeds of a loan on the loan statement constitutes a violation of 15 U.S.C. § 1639(a).[1] This Court's opinion in that case held that good faith compliance with the provisions of Regulation Z is sufficient to preclude liability on the part of lenders for noncompliance with Section 1639(a)(1) of the Act.

Section 226.8(d)(1) of Regulation Z requires disclosure of:

> The amount of credit, . . . which will be paid to the customer or for his account or to another person on his behalf, including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term "amount financed."

This Court recognized in *Basham* that this provision of Regulation Z merely required the disclosures spelled out in Sections 1639(a)(2) and (a)(3) of the Act.

Although lenders who rely on Regulation Z may not be technically not in compliance with Section 1639(a)(1) of the Act, such lenders are protected from liability by 15 U.S.C. § 1640(f), which provides:

> No provision of this section or sections 1611 of this title imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefore, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

Thus, no civil liability may be imposed on defendants who act in good faith conformity with Regulation Z, notwithstanding a failure to comply with the disclosure required by Section 1639(a)(1).[2]

Plaintiff's arguments rely entirely upon the decision in *Pollock v. General Finance Corporation*, 535 F.2d 295 (5th Cir. 1976). There, the Fifth Circuit held that a creditor's failure to itemize separately the amount of the loan proceeds violated Section 1639(a)(1). Although the disclosures in *Pollock* conformed fully with the requirements of Regulation Z, the *Pollock* court held that "the regulation must be read in light of the statute which requires separate disclosure of the amount borrowed." 535 F.2d at 298.

This Court's previous opinion in *Basham* rejects that portion of the *Pollock* decision which holds that disclosure made in strict compliance with Regulation Z may nonetheless violate the Act. Although defendant's loan statement does not specifically itemize the actual proceeds of the loan, it nevertheless complies fully with the requirements of § 226.8(d)(1) of Regulation Z. Therefore, under this Court's previous decision in *Basham* and Section 1640(f) of the Act, no civil liability may be imposed upon defendant for failing to make the disclosure required by

---

1. 15 U.S.C. § 1639(a) provides in relevant part:

    (a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

    (1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.

    (2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.

    (3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)).

2. See also Federal Reserve Board Letter No. 982 (December 24, 1975) CCH Consumer Credit Guide ¶ 31,321, to the effect that loan proceeds need not be disclosed. The statute itself mandates that disclosures be "in accordance with the regulations of the Board." 15 U.S.C. § 1631(a).

Section 1639(a)(1) because the disclosure made meets the requirements of Regulation Z.

### III.

Plaintiff also claims that defendant failed to make the required disclosures on the loan statement in meaningful sequence, as required by Section 226.6(a) of Regulation Z, 12 C.F.R. § 226.6(a).[3]

Specifically, plaintiff objects to the horizontal nature of the disclosures. Plaintiff contends that logically related terms are not grouped together and as a result the statement is less than clear. Plaintiff argues that an alternative format would be more meaningful and would promote greater understanding of the transaction.

This Court's decisions in *Basham v. Finance America Corporation, supra,* and *Allen v. Beneficial Finance Company of Gary,* 531 F.2d 797 (7th Cir.), *cert. denied,* 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976), address the precise issues raised by plaintiff with respect to what constitutes "meaningful sequence" in a disclosure statement. In both *Basham* and *Allen,* this Court held that "The requirements of meaningful sequence cannot be applied mechanically or rigidly." The key components of "meaningful sequence" are reasonable proximity and comprehensibility.[4]

The forms employed by defendant satisfy these requirements. Although the disclosures are horizontal in nature, the arrangement of terms chosen by defendant is both logical and comprehensible.

Plaintiff argues that there are certain sequences of disclosure which naturally promote the clarity envisioned by the Act and Regulation Z and that defendant's disclosures are designed to inhibit understanding of the transaction. As stated by the Federal Reserve Board in Public Position Letter No. 545 (November 4, 1971), CCH Consumer Credit Guide ¶ 30,759:

In view of these general disclosure requirements, it appears to us that disclosures in the agreement or contract are permissible as long as they are clear and conspicuous, and in meaningful sequence. It would seem that there are a multitude of ways by which the creditor could meet these requirements of the Regulation. However, the Regulation does not prescribe precisely how this is to be accomplished; therefore it falls upon the creditor to be able to support his belief that his disclosures meet the requirements of the Regulation.

Defendant argues that the placement of figures in the disclosure statement in issue is no less meaningful because plaintiff suggests an alternative sequence. Although the form in question may not provide disclosure in a sequence that optimizes clarity we conclude that defendant has provided plaintiff with a disclosure statement that is sufficiently understandable to meet the requirements of Regulation Z.

The Judgment appealed from is affirmed.

---

3. 12 C.F.R. § 226.6(a) provides in relevant part:

(a) Disclosures; general rule. The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with the further requirements of this section, and at the time

and in the terminology prescribed in applicable sections.

4. See Staff Opinion Letter No. 780 (April 10, 1974), reprinted in CCH Consumer Credit Guide ¶ 31,102 (transfer binder).