Isiah **WALKER** and Alfreda **Walker, Plaintiffs,**

v.

The **ATLANTIC NATIONAL BANK OF SEMINOLE, Defendant.**

No. 79–417–Orl–Civ–R.

United States District Court,
M. D. Florida,
Orlando Division.

May 15, 1980.

244

Tobe Lev, Central Florida Legal Services, Sanford, Fla., for plaintiffs.

Robert L. Young of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P. A., Orlando, Fla., for defendant.

## MEMORANDUM OF DECISION

REED, District Judge.

This action was commenced on 9 August 1979 by the filing of a complaint which alleges a violation of the Truth in Lending Act, 15 U.S.C.A. §§ 1601 et seq. It came before the court on oral argument on the plaintiffs' Motion for Summary Judgment filed on 23 November 1979 and on the defendant's Motion for Summary Judgment filed on 4 December 1979.

Factually it appears that on or about the 7th of March 1979, the plaintiffs borrowed $2962.04 from The Atlantic National Bank of Seminole, the defendant. To secure repayment, the defendant acquired a security interest in an automobile described in the security agreement as a "1976 Mercury Marquis ID # 6Z64S551911". Five months after the loan transaction occurred, the plaintiffs filed the complaint, each demanding to receive double the finance charge assessed against them in connection with the loan plus attorneys' fees.

Their claim is predicated on a provision in the security agreement which provides that:

". . . said Debtors do hereby sell, assign, transfer and grant unto Secured Party a security interest in the following property, together with all accessories, attachments, parts, equipment, accessions and repairs now or hereafter affixed thereto or used in connection therewith and substitutions and replacements thereof. The property will hereinafter be sometimes called Collateral and will be used primarily for . . .

Description of Collateral: 1976 Mercury Marquis, ID # 6Z64S551911."

It is the contention of the plaintiffs that this clause attempts to create a security interest in items other than the specifically described automobile and accessions thereto. According to the plaintiffs, the clause could even apply to a replacement vehicle. Giving the after acquired property clause that construction, the plaintiffs argue that the clause does not comply with 12 C.F.R. § 226.8(b)(5).

In pertinent part, 12 C.F.R. § 226.8(b)(5) provides that a creditor must disclose:

". . . a clear identification of the property to which the security interest relates . . . . If after acquired

property will be subject to the security interest, . . . this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."

Under the current case law in the Fifth Circuit, the plaintiffs are correct in their contention that if the security interest attaches to goods other than accessions, the property subject to the interest is not accurately described without some reference to Section 679.204(4)(b), Florida Statutes, 1977. That section limits the scope of the security interest which may be acquired under an after acquired property clause to goods, except accessions, acquired by the debtor within ten days after the loan transaction is completed. See *Pollock v. General Finance Corp.*, 535 F.2d 295, CA5, 1976.

While the *Pollock* case is, of course, the law of this circuit (even though it seems to be philosophically at variance with a case handed down only six months earlier, *Pennino v. Morris Kirschman and Company, Inc.*, CA5, 1976, 526 F.2d 367, 371), it is the opinion of this court that the language in the security instrument presently before the court is sufficiently different from that before the court in *Pollock* to justify a different result. Here the security agreement does not purport to claim a lien on all of the debtor's after acquired property. The language of the after acquired property clause before this court may reasonably be construed to comprehend simply items added to the automobile after the loan transaction is completed which would be in the nature of accessions. (Accessions under Florida law include any goods which are "installed in or affixed to other goods". See Section 679.314(1), Florida Statutes, 1977.) .

■ The plaintiffs have urged the court to strictly construe the language of the security agreement because the agreement was prepared by the defendant and because the Truth in Lending Act is a remedial act. Of course, these are recognized canons of construction, but they do not require the court to adopt a particular construction of a contract simply for the purpose of penalizing the drafter where a more reasonable construction is justified by the language of the agreement.

■ The words utilized in the after acquired property clause certainly would not preclude the court from concluding that the clause was intended to subject to the creditor's security interest only accessions to the Mercury automobile which was specifically described in the security agreement. Furthermore, this construction should be indulged because it places the agreement in accordance with both the Truth in Lending Act and Section 679.9–204, Florida Statutes. See *Walsh v. Schlecht*, 429 U.S. 401, 408, 97 S.Ct. 679, 685, 50 L.Ed.2d 641 (1977). If the after acquired property clause were construed to include goods other than accessions, the agreement would violate both.

For the foregoing reasons, the defendant's Motion for Summary Judgment will be granted and the plaintiffs' Motion for Summary Judgment will be denied. At the hearing on the motions for summary judgment, the defendant conceded that the note in question was not in default and, therefore, its fourth defense is moot. Thus the granting of the defendant's Motion for Summary Judgment will terminate the case in its entirety.