495 F.Supp. 271 (1980)
Herman PULLUM, Plaintiff,
v.
C. I. T. FINANCIAL SERVICES, INC., Defendant.
No. S80-21C.
United States District Court, E. D. Missouri, Southeastern Division.
August 20, 1980.
*272 Fred J. Gerhard, Southeast Missouri Legal Services, Inc., Sikeston, Mo., for plaintiff.
A. M. Spradling, III, Spradling & Spradling, Cape Girardeau, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on cross-motions for summary judgment. Plaintiff brought this suit pursuant to the Truth-In-Lending Act, 15 U.S.C. § 1601 et seq., and the accompanying regulation, Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1 et seq. Plaintiff seeks to recover the sum of twice the proper finance charge, plus costs and attorney's fees.
There is no dispute among the parties as to whether the transaction in question is covered by the Act. The only issue is whether the disclosure statement which accompanied the transaction met the requirements of the Act and the Regulation. Plaintiff claims that the statement was deficient in three respects. These claims will be dealt with seriatim.
Plaintiff claims that the financing statement fails to clearly set forth that only after-acquired property which is acquired within ten days of the giving of value is subject to a security interest, as required by § 226.8(b)(5) of Regulation Z. The phrase of the financing statement in question, in describing the goods subject to a security interest, reads as follows:
HOUSEHOLD GOODS  All of the furniture, fixtures, appliances, pianos and other musical instruments, audio and video equipment and any other Household Goods wherever located, now owned or owned at the time of any future loan.
Plaintiff claims that in failing to limit the application of this clause to goods acquired within ten days of the date of the loan, as such clauses are limited by § 400.9204(4)(b), R.S.Mo. (1969), defendant has not set out the true nature of the after-acquired property clause. Such a failure to mention the ten day rule has been held to violate the Act. Gennuso v. Commercial Bank and Trust Company, 566 F.2d 437 (3rd Cir. 1977); Pollock v. General Finance Corp., 535 F.2d 295 (5th Cir. 1976), pet. for reh. 552 F.2d 1142 (5th Cir. 1977), cert. denied, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977).
This Court can not conclude, however that the instant clause is violative of the Act for the simple reason that it is not an after-acquired property clause. The clause does not purport to secure the present loan with property "now owned or hereinafter acquired," as does the normal after-acquired property clause. Rather, the present loan is secured by property owned at the time of the loan. Property later acquired is security only for a loan which might be made in the future. At the time of this future loan, property then owned would be subject to the security interest created by *273 that loan. This is in accordance with § 400.9-204(4)(b), since the future loan would constitute new value given by the defendant. There is no attempt by defendant to obtain a security interest in any property acquired after the giving of value.
Plaintiff next claims that the required disclosures are not made in a meaningful sequence, as required by § 226.6(a) of Regulation Z. This provision of Regulation Z is meant to ensure that the required disclosures follow a logical order and are not scattered throughout the agreement. Basham v. Finance America Corp., 583 F.2d 918 (7th Cir. 1978). The key factors to be considered in determining whether this provision is violated is the reasonable proximity of the disclosures to each other and the comprehensibility of the agreement; no particular sequence or arrangement is mandated. Id. Viewing the disclosure statement in question in this case, this Court must conclude that the arrangement chosen by the creditor, though possibly not the best arrangement available, is both logical and comprehensive, and that the Act is therefore not violated in this respect. Id., Warren v. Credithrift of America, Inc., 599 F.2d 829 (7th Cir. 1979).
Finally, plaintiff claims that defendant has included additional information to confuse or distract the consumer, in violation of § 226.6(c) of Regulation Z. That provision of Regulation Z sets out specific procedures to be followed if inconsistent disclosures are to be made. A disclosure is deemed to be "inconsistent" within the meaning of this provision if state law requires the disclosure to be made, and the disclosure is different from the requirements of Regulation Z as to form, content, or terminology. § 226.6(b) of Regulation Z.
The disclosure plaintiff objects to in this case relates to the rights of the consumer vis-a-vis subsequent holders of the credit instrument. This disclosure is a recital of § 408.405 R.S.Mo. (1974). There is no requirement in Missouri law, however, as there is in some other states, that this disclosure be made in the credit instrument. This disclosure is therefore not "inconsistent", and the detailed procedures of § 226.6(c) need not be followed.[1] This Court can not say that the disclosure violates the more general proscription against additional disclosures which mislead or confuse the consumer or which contradict, obscure or detract attention from the disclosures mandated by the Act. The disclosure is separated from all other disclosures, and should not in any way confuse or complicate the disclosure statement.
Summary judgment will therefore be entered for the defendant.
NOTES
[1] It should also be pointed out that the disclosure statement says that this clause does not apply. It is hard to see how a clause which is inapplicable could be inconsistent with other clauses, regardless of whether state law normally requires the disclosure when it is applicable.