Isiah **WALKER** and Alfreda Walker, Plaintiffs–Appellants,

v.

**ATLANTIC NATIONAL BANK OF SEMINOLE**, Defendant–Appellee.

No. 80–5450
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Nov. 5, 1980.

Tobe Lev, Central Florida Legal Services, Inc., Sanford, Fla., for plaintiffs–appellants.

Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Robert Lee Young, Orlando, Fla., for defendant–appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

The judgment for the lender in this Truth in Lending case is affirmed on the basis of the well reasoned district court opinion reported at 489 F.Supp. 243 (M.D.Fla.1980).

The district court there held that, in the financing of a single personal or family automobile, the language of the after acquired property clause in the financing agreement was not ambiguous and should be construed to comprehend only items added to or replaced on the automobile, not a replacement of the automobile itself, when such a construction is reasonable and would place the agreement in accord with both the Truth in Lending Act, 15 U.S.C.A. §§ 1601–91, and Fla.Stat. § 679.9–204 (1966), and when a contrary construction would cause the agreement to violate both.

Although the clause might be ambiguous or could be interpreted differently if some other security such as household furnishings were involved, see *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976), *modified,* 552 F.2d 1142 (5th Cir.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977), it is clear and unambiguous in relation to an automobile, the transfer of which is precisely regulated by Florida law. *See* Fla.Stat.Ann. §§ 319.22–.24 (1975 & Supp.1980).

AFFIRMED.